## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trisha Tshudy, | : |
| | : |
| *Plaintiff* | : |
| | : Civil Action No.   22-cv-03336 |
| vs. | : |
| | : Hon. Wendy Beetlestone |
| Pennsylvania State University | : |
| | : |
| *Defendant* | : |
| | : |

### RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), the Pennsylvania State University ("PSU") submits to Chambers the following report of its meeting with Plaintiff's legal counsel for the Court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues**

a. **Plaintiff Trisha Tshudy's ("Ms. Tshudy") Discussion of Claims and Relevant Issues:**

The parties conferred on September 9, 2022. Thereafter, Plaintiff's counsel sent a letter to Judge Beetlestone dated September 9, 2022 requesting a settlement conference and a stay of the currently scheduled Rule 16 Conference. Plaintiff's counsel then confirmed to PSU's legal counsel that Plaintiff would not be providing an insert as requested by PSU for this section of the proposed Joint Rule 16(f) Report.

b. **The Pennsylvania State University's ("PSU") Discussion of Defenses and Relevant Issues:**

i. **Factual Background Supporting PSU's Defenses:**

On December 18, 2019, Ms. Tshudy was offered admission to Dickinson Law and awarded a full-tuition scholarship. Ms. Tshudy's offer letter states that her scholarship will be renewed

automatically in her second and third years so long as she remains in good standing under the Dickinson Law Honor Code. In the fall of 2020, Ms. Tshudy enrolled in Dickinson Law.

Ms. Tshudy has a documented disability and she applied for and received academic accommodations from Dickinson Law that began in Fall 2020 and continued through academic years 2020-2021 and 2021-2022. Ms. Tshudy did not request from Dickinson Law, nor has she ever received, a remote test-taking accommodation.

In the summer of 2021, PSU announced that instruction for the 2021-2022 academic year would return to in-person. Ms. Tshudy submitted a request for a remote-only learning accommodation which was granted and she was permitted to *attend classes* remotely for the Fall 2021 semester. In October 2021 and again in November 2021, Associate Dean Dodge advised Ms. Tshudy that final examinations would need to be taken on campus. In early December 2021, Associate Dean Dodge informed Ms. Tshudy that Dickinson Law would provide her with a quiet, private room to take her Fall 2021 exams with convenient access to the restroom and that Dickinson Law would accommodate her service animal, her need to take breaks, and her need to have food, beverages, and medications present. At the end of the call, Ms. Tshudy appeared satisfied with the situation and indicated she would attend her exams in person.

On or about December 31, 2021, Adjunct Professor, James M. Gould, alerted Dickinson Law administration of an instance of suspected plagiarism by Ms. Tshudy in connection with the final paper she submitted for his Fall 2021 course, *Biotech, Pharmaceuticals and the Law*. More specifically, it appeared that Ms. Tshudy's paper exhibited a high degree of tracking with a Note published by Hannah-Alise Rogers entitled *Trade Secret Rising: Protecting Equivalency Test Research and Development Investments After Momenta v. Amphastar*, 22 J. Intell. Prop. L. (2014) (the "Rogers Note"). In early January, Associate Dean Williams performed a manual comparison

and utilized a plagiarism program to compare Ms. Tshudy's paper with the Rogers Note which confirmed significant content from the Rogers Note was contained in Ms. Tshudy's paper.

On or about January 4, 2022, Associate Dean Williams notified Ms. Tshudy that her paper was in direct contravention of the Dickinson Law Honor Code but Ms. Tshudy declined to make a Conscientious Admission. Thereafter, steps were taken to hold an Honor Code Hearing, including assembling a Hearing Board that consisted of three students as well as Dickinson Law faculty.

On January 7 and 10, 2022, and per Chapter Three of the Dickinson Law Honor Code entitled "Rights of the Accused," Associate Dean Williams provided and otherwise identified evidence that would be used at the January 14, 2022 hearing to Ms. Tshudy.  Associate Dean Williams expressly notified Ms. Tshudy that "[a] side-by-side comparison of your paper and the Law Review Note, run through plagiarism software," would be utilized as evidence at the hearing. On January 13, 2021 Associate Dean Williams also provided Ms. Tshudy a copy of comparisons of her paper with the Rogers Note conducted with the online plagiarism checker hosted at www.turnitin.com.

The Honor Code Hearing was held on January 14, 2022 and lasted over four and a half hours. Ms. Tshudy did not appear at the hearing with legal representation.  During  the  hearing, the Board questioned Ms. Tshudy extensively, reviewed relevant documents (including the Turnitin comparisons), and heard testimony from both Associate Dean Williams and Professor Gould. In accordance with Chapter Three of the Dickinson Law Honor Code, Ms. Tshudy attended the hearing where she testified, offered evidence, was able to examine witnesses, and made closing remarks.

Following their post-hearing deliberations, the Honor Code Hearing Board unanimously concluded, on the basis of clear and persuasive evidence, that Ms. Tshudy had violated Article 2.1(F) of Dickinson Law's Honor Code and issued sanctions and recommendations. Ms. Tshudy then appealed the Honor Code Hearing Board's decision to the Dean of Dickinson Law Danielle Conway ("Dean Conway") who affirmed the decision.

On February 16, 2022, Dean Conway sent an email and correspondence to Ms. Tshudy, advising her that her scholarship was revoked as she was no longer in good standing under the Academic Rules and the Honor Code in line with the sanctions imposed by the Honor Code Hearing Board. Dean Conway's email further advised Ms. Tshudy that her scholarship would not be retroactively revoked but that it was revoked for the Spring 2022 semester and for the 2022-2023 academic year. In addition, Dean Conway's email advised Ms. Tshudy that she had a balance due of $26,688.00 and that she should contact the Admissions and Financial Aid Office should she wish to apply for loans to cover this balance and any tuition owed for subsequent semesters.

In or around June 2022, Dickinson Law became aware that Ms. Tshudy had contacted the Finance Office, the Admissions and Financial Aid Office and the Bursar's Office at PSU and informed employees in those offices that there was an "administrative error" that resulted in the revocation of her scholarship. During these calls, Ms. Tshudy urged employees of these offices to reinstate her scholarship. Because there was no "administrative error" and because Ms. Tshudy had been advised of the reasons why her scholarship was revoked, Dean Conway emailed Ms. Tshudy and requested that she "refrain from communicating to employees of Penn State University and Dickinson Law that there was an administrative mistake regarding the revocation of your scholarship."   At no time did Dean Conway instruct Ms. Tshudy that she was "forbidden to discuss" any information "with any PSU employees" as she alleges in her Complaint.

4

At present, Ms. Tshudy's enrollment is as matriculated student in PSU's enrollment database, but she is not eligible to register for classes because of the Bursar's Account Delinquent hold on her account as a result of her tuition balance.

### ii.     PSU's Defenses:

Ms. Tshudy's Due Process Claim is unsustainable as a matter of law as PSU can demonstrate Ms. Tshudy was given the opportunity to be heard in a meaningful manner by an impartial decision-maker at the Honor Code Hearing. Indeed, PSU will easily demonstrate that Ms. Tshudy attended the hearing where she testified, offered relevant evidence, was able to examine witnesses, and made closing remarks – all over the course of nearly five (5) hours. There is powerful case law from the Third Circuit and District Courts within the Third Circuit reviewing higher educational disciplinary proceedings that have found no due process violations in very similar factual circumstances. Furthermore, applicable legal authority holds that accused students do not have the right to legal counsel, the right to cross examine witnesses nor the right to have the hearing subject to judicial rules of evidence at a disciplinary hearing. Thus, the very alleged rights that Ms. Tshudy claims were violated relative to her Honor Code Hearing have already been found by the Courts not to exist in the educational disciplinary context.

Ms. Tshudy's second cause of action for discrimination based on the fact that Ms. Tshudy was required to take her Fall 2021 exams on campus will fail because Ms. Tshudy's claim that she received accommodations from PSU allowing her to take her exams online is demonstrably false. Ms. Tshudy cannot provide proof that she requested or received a remote test-taking accommodation from Dickinson Law at any point (because she did not). Furthermore, even assuming Ms. Tshudy had requested a remote test-taking accommodation for her Fall 2021 Exams (which she did not), she cannot prove that such a request was reasonable and necessary to permit

her meaningful participation. Applicable case law confirms that institutions of higher learning are not required to provide every requested accommodation and that a plaintiff may not insist on a particular accommodation if another reasonable accommodation was offered. In the present matter, the uncontroverted evidence shows that Ms. Tsudy was offered and accepted several accommodations relative to her 2021 Fall Exams that fully addressed her concerns related to her alleged disability including 100% extended time to take exams/quizzes in a private room. Tshudy cannot prove that PSU acted unreasonably when they provided all accommodations she requested and her claim is founded on PSU's failure to anticipate and provide an accommodation that she never requested.

Ms. Tshudy's third cause of action, while not particularly clear, appears to be a retaliation claim under the First Amendment to the United States Constitution, applied to state actors through 42 U.S.C. ¶1983. Ms. Tshudy is alleging that her First Amendment right to speak about the Bursar's alleged statement that her scholarship was illegally revoked was violated by a June 7, 2022 email from Dean Conway which allegedly told her not discuss this alleged statement with PSU/Dickinson Law financial services. However, the June 7, 2022 email, which is attached as Exhibit B to Ms. Tshudy's Complaint, actually states, "please refrain from communicating to employees of Penn State University and Dickinson Law that there was an administrative mistake regarding the revocation of your scholarship." In other words, Dean Conway merely requested that Ms. Tshudy stop misrepresenting to Penn State and/or Dickinson Law employees that her scholarship was revoked in error when it was not. The June 7, 2022 email does not constitute a retaliatory act as a matter of law and therefore Ms. Tshudy's First Amendment claim fails. Rather, as supported by applicable case law authority, the June 7, 2022 email was a *de minimus* response to Ms. Tshudy's alleged protected speech in the form of an admonishment for Ms. Tshudy's

actions in making inaccurate statements and, therefore, cannot constitute a retaliatory act for purposes of a First Amendment retaliation claim.

### iii.    Issues and Information on Which PSU Needs Discovery:

PSU will request discovery from Ms. Tshudy's related to all her communications with PSU and/or Dickinson Law employees, professors, administrators, deans and representatives relative to requests for accommodations, her alleged disability, her scholarship, the Honor Code Hearing and her Fall 2021 Exams.

### iv.    Motions and Timing:

On September 2, 2022 PSU filed a Motion to Transfer this Matter to the Middle District of Pennsylvania under 28 U.S.C. §1404(a) (the "Motion to Transfer"). *See* ECF No. 13. Ms. Tshudy has been ordered to respond to the Motion to Transfer by September 12, 2022. *See* ECF No. 17.

PSU anticipates filing a Motion to Dismiss Ms. Thusdy's Complaint in its entirety by September 13, 2022 in accordance with the Federal Rule of Civil Procedure.

### 2.    Initial and Informal Disclosures

The parties shall serve their Fed. R. Civ. P. 26(a)(1) Initial Disclosures by the Pretrial Conference.

### 3.    Formal Discovery

Proposed Discovery Deadline: December 13, 2022.

Proposed Dispositive Motion Deadline: January 12, 2022.

Proposed Response to Dispositive Motion Deadline: February 13, 2022.

The parties currently anticipate exchanging one set of written discovery each, shortly following the September 14, 2022 Pretrial Conference.  The parties do not anticipate requiring

more than 25 written interrogatories, 50 document requests, or 50 requests for admission per party. The parties currently expect to conduct 8 to 12 fact witness depositions.  They do not anticipate expert discovery or testimony at this time.

4. **Electronic Discovery**

The parties have agreed to preserve and produce any relevant electronic discovery in PDF format.

5. **Expert Witness Disclosures**

The parties currently do not anticipate the need for expert testimony.

6. **Early Settlement or Resolution**

The parties agree to comply with the guidelines concerning settlement conference established in the Policies and Procedures of the Honorable Wendy Beetlestone. A settlement conference is currently scheduled for September 29, 2022 before Magistrate Judge Lloret.

7. **Trial Date**

The parties respectfully request a date certain for trial for a date following the Court's ruling on any Dispositive Motions. The parties anticipate needing 4-6 days to present their case.

8. **Other**

Not applicable.

Dated: September 9, 2022

**BUCHANAN  INGERSOLL  &  ROONEY PC**

By: _ /s/ Geoffrey F. Sasso _____
   Geoffrey F. Sasso (Pa. ID 202936)
   George Morrison (Pa. ID 203223)
   Erin Lucas Hamilton (Pa. ID 93852)
   Two Liberty Place
   50 S. 16th Street, Suite 3200
   Philadelphia, PA 19102
   P: 215-665-8700
   F: 215-665-8760
   geoff.sasso@bipc.com
   george.morrison@bipc.com
   erin.hamilton@bipc.com

   *Attorneys for Defendant, The Pennsylvania State University*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of September, 2022, a true and correct copy of the Defendant The Pennsylvania State University's RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN was filed by the Court's Electronic Case Filing System and is available for viewing and downloading from the ECF system. The below was served via ECF:

William C. Reil, Esquire
Law Offices of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102
*Attorneys for Plaintiff, Trisha Tshudy*

*/s/ Geoffrey S. Sasso*
Geoffrey F. Sasso, Esquire
*Attorney for Defendant,*
*The Pennsylvania State University*