UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trisha Tshudy, | : |
| *Plaintiff* | : |
| vs. | : Civil Action No.   22-cv-03336 |
| | : Hon. Wendy Beetlestone |
| Pennsylvania State University | : |
| *Defendant* | : |

**THE PENNSYLVANIA STATE UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant, The Pennsylvania State University ("PSU"), hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff, Trisha Tshudy's ("Ms. Tshudy") Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     PRELIMINARY STATEMENT

Ms. Tshudy initiated the present action seeking damages and injunctive relief following the revocation of her scholarship after the Honor Code Hearing Board of Penn State Dickinson Law ("Dickinson Law") found that Ms. Tshudy committed plagiarism in connection with one of her courses. While the impetus for Ms. Tshudy's lawsuit is her consternation over the revocation of her scholarship, she has clothed this non-actionable event with three, invalid causes of action. Ms. Tshudy first claims that the Honor Code Hearing was conducted in violation of her due process rights, despite her receiving all of the process due a student under the law and Dickinson Law's Honor Code. Second, Ms. Tshudy alleges that PSU failed to accommodate her disability by making her take her Fall 2021 final exams on campus, despite Ms. Tshudy never having requested or received such an accommodation. Lastly, Ms. Tshudy claims that her First Amendment right to free speech was violated when Dickinson Law admonished her for misstatements she made regarding the reasons for the revocation of her scholarship. As set forth in more detail below, the Complaint fails to set forth any viable claim as a matter of law and, therefore, it should be dismissed in its entirety, with prejudice.

## II.    PRESENT PROCEDURAL CONTEXT

On August 21, 2022, Ms. Tshudy initiated the present action by filing a Complaint against PSU, purporting to assert three causes of action seeking compensatory damages as well as undefined injunctive relief. *See* ECF No.1. PSU's best efforts to understand the Complaint are as follows: Ms. Tshudy has asserted a due process violation based on some combination of her lack of legal counsel at the Honor Code Hearing, her alleged preclusion from cross-examining

witnesses and/or the use of Turnitin (*i.e.,* an internet-based plagiarism detection service) as evidence of her admitted plagiarism.[1]  *See* ECF No. 1 First Cause of Action at p. 7.  Ms. Tshudy next asserts a claim of discrimination under the Americans with Disabilities Act (the "ADA") based on Dickinson Law requiring her to take her Fall 2021 exams on campus.  *See* ECF No.1 Second Cause of Action at p. 8. Finally, Ms. Tshudy appears to allege a First Amendment and Civil Rights Act violation related to Dickinson Law Dean, Danielle M. Conway's June 7, 2022 email asking Ms. Tshudy not to make misstatements about the circumstances under which Ms. Tshudy's scholarship was revoked, *i.e.*, that it was an "administrative mistake" as opposed to a sanction for violating the Honor Code. *See* ECF No. 1 Third Cause of Action at p. 9.

On August 22, 2022, Ms. Tshudy filed a "Motion for a Permanent and/or Preliminary Injunction" which this Court promptly denied without prejudice as (among other things) it did "not define the scope of the injunction sought, or what action she seeks to enjoin."  *See* ECF Nos. 2 and 9 (FN 1). On August 30, 2022, Ms. Tshudy filed an "Amended Motion for A Permanent and/or Preliminary Injunction" and Supporting Memorandum of Law  (collectively, the "Amended Motion for Injunction") requesting that this Court enter an order enjoining PSU from "taking any action barring plaintiff from completing her third year as a law student at Dickinson Law School of Pennsylvania State University or revoking her scholarship" and also ordering that  "Plaintiff is to be immediately reinstated in Dickinson Law School of the Pennsylvania State University in her third year to complete all requirements for graduation…" *See* ECF No. 10 Proposed Order.

On September 1, 2022, this Court set a hearing on Mr. Tshudy's Amended Motion for Injunction for September 7, 2022 which was then rescheduled to September 14, 2022 (*i.e.,* the same day as the Rule 16 Pretrial Conference) and ultimately cancelled. PSU filed a Motion to

---

[1] It bears mentioning that, at the end of the Honor Code Hearing, Ms. Tshudy admitted that she had committed plagiarism.

Transfer this matter to the Middle District of Pennsylvania under 28 U.S.C. §1404(a) on September 2, 2022, which was granted on September 13, 2022.[2]

### III. APPLICABLE FACTS AND LEGAL STANDARD

PSU recognizes that it must accept as true the factual allegations of Ms. Tshudy's Complaint for purposes of the present Motion to Dismiss. *See Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008).[3] However, [a]lthough a court must accept the allegations in the Complaint as true, it is not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *See LifeMD, Inc. v. Lamarco,* Civil Action No. 2:21-cv-1273, 2022 WL 2118367, *4 (W.D. Pa. June 13, 2022) *citing Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (*citations omitted*).

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of allegations which fail "to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is intended to test the sufficiency of the complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party, a plaintiff must supply "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations

---

[2] Via Order dated September 13, 2022 (ECF No. 24), the United States District Court for the Eastern District of Pennsylvania Court transferred this case to the United States District Court for the Middle District of Pennsylvania. While PSU's Motion to Dismiss will ultimately be heard by and before the Middle District, PSU's response to Ms. Tshudy's Complaint is due today and, therefore, PSU is filing its Motion to Dismiss at this time so that it is timely filed.

[3] A full recitation of the facts related to Ms. Tshudy's claims– along with sworn supporting declarations – are set forth in detail in PSU's Response and Memorandum of Law in Opposition to Plaintiff's Motion for a Permanent and/or Preliminary Injunction filed on September 9, 2022 at ECF No. 19.

3

in the complaint must be enough to raise a right to relief above the speculative level." *Id*. at 555 *citing to* 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp 235-236 (3d ed. 2004).  A complaint must do more than allege a plaintiff's entitlement to relief; it must "show" such an entitlement with its facts.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) *citing Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

### IV. ARGUMENT

#### i. Ms. Tshudy Has Failed to State Claim for a Due Process Violation Related to the Dickinson Law Honor Code Hearing

Ms. Tshudy asserts in her first cause of action that her due process rights were violated at the Honor Code Hearing because: (i) she was "was not given counsel at the hearing;" (ii) she was "not allowed to appropriately cross-examine her accusers;" and (iii) that evidence from the Turnitin similarity checker was "illegally accepted" such that she was "forced to confront a so-called similarity checker…" *See* ECF No. 1 at ¶27-35, ECF No. 10 at ¶16(f) and p. 5-6. To state a procedural due process claim under Section 1983 in the context of discipline hearing in educational institutions, a plaintiff must show "(1) a deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *See Park v. Temple University*, Civil Action No., 16-5025, 2019 WL 1865060, *10 (E.D. Pa. April 25, 2019) (*internal citations and quotations omitted*).

Even assuming the truth of Ms. Tshudy's allegations for purposes of this motion, she has failed to state a claim for a deprivation of due process. In the higher education student disciplinary

context, an accused student does not have the right to an attorney,[4] a right to cross-examine witnesses, or the right to have the proceedings guided by the Federal Rules of Evidence or the Federal Rules of Civil/Criminal Procedure. Indeed, this District Court has already held that "[a]ccused students do not have the right to be actively represented by an attorney at a disciplinary hearing" and that "the right to directly cross-examine witnesses is not a necessary part of due process in the student disciplinary context." *See Johnson v. Temple University*, Civil Action No. 12-515, 2013 WL 5298484, *10-11 (E.D. Pa. Sept. 19, 2013). *See also Hewlette-Bullard v. Pocono Mountain School District*, 522 F. Supp. 3d 78, 100 (M.D. Pa. 2021) (to satisfy due process before excluding a student from classes, a school district is not required to provide the student an opportunity to secure counsel, cross-examine witnesses, or call his own witnesses).

Additionally, numerous federal circuit courts have confirmed that a student is not deprived of due process at an honor code hearing on the basis that s/he was denied the right to have the hearing subject to judicial rules of evidence and/or procedure. *See Henson v. Honor Committee of U. Va.*, 719 F.2d 69, 74 (4th Cir. 1983) (fact that student appearing at honor code proceedings at university was denied the right to have the hearing subject to judicial rules of evidence did not deprive him of due process.) *See also Flaim v. Medical College of Ohio*, 418 F.3d 629, 635 (6th Cir. 2005) ("Courts have generally been unanimous" in concluding that at student disciplinary hearings "neither rules of evidence nor rules of civil or criminal procedure need be applied"); *Nash v. Auburn University,* 812 F.2d 655 (11th Cir. 1987) ("Due process requires that appellants have the right to respond, but their rights in the academic disciplinary process are **not** co-extensive with

---

[4] Of note, the Dickinson Law Honor Code provides that the accused student "has the right, at their own expense, to secure legal representation for any stage of the Honor Proceeding." *See* Dickinson Honor Code attached hereto as Exhibit A.

the rights of litigants in a civil trial or with those of defendants in a criminal trial.") (*emphasis supplied*).

Thus, Ms. Tshudy fails to state a claim for a due process violation in her Complaint, because the alleged rights she claims were violated at the Honor Code Hearing simply do not exist or apply in the student disciplinary context (*i.e.,* at Ms. Tshudy's Honor Code Hearing) as a matter of law. Accordingly, Count I should be dismissed as a matter of law, with prejudice.

### ii. Ms. Tshudy Has Failed to State a Claim under the Americans with Disabilities Act

Ms. Tshudy's second cause of action purports to set forth a vague claim of "discrimination" under the Americans with Disabilities Act ("ADA") on the basis that Dickinson Law acted improperly by requiring Ms. Tshudy to take her Fall 2021 examinations on campus. *See* ECF No. 1 at ¶39 ("Ms. Tshudy was granted remote enrollment for the Fall 2020, Spring 2020, and Fall 2021 semesters as a disability accommodation from Penn State."). This claim is without legal or factual basis.

As an initial matter, it is unclear what theory of liability Ms. Tshudy is asserting under the ADA and what provision applies (*e.g.,* disparate treatment, disparate impact, failure to make reasonable accommodations).[5] A Complaint may be dismissed when the pleading cannot be understood. *See Green v. Sanofi Pasteur Inc.*, 2022 WL 36291, *5 (M.D. Pa. Jan 4, 2022), citing *Radin v. Jersey City Medical Center,* 375 F. App'x 205 (3d Cir. 2010); s*ee also Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]." Thus, at the outset, Count II should be dismissed under Fed. R.

---

[5] Since Ms. Tshudy has not mentioned or alleged facts supporting a disparate impact theory of liability, PSU is proceeding under the understanding that Ms. Tshudy has not asserted such a claim in this action.

6

Civ. P. 8 as the Complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Nevertheless, even if Ms. Tshudy's vague claim survives, it is apparent that she has not asserted *any* cognizable claim under the ADA.

To assert a disparate treatment cause of action under the ADA, a plaintiff must demonstrate: "(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *See Frazier v. Pennsylvania State University,* No. 4:21-cv-00350, 2022 WL 1570477, *7 (M.D. Pa. May 18, 2022). Claims alleging failure to accommodate under the ADA require a tripartite inquiry as follows: (1) whether the requested accommodation is reasonable; (2) whether it is necessary; and (3) whether it would fundamentally alter the nature of the program. *See Berardelli v. Allied Services Institute of Rehabilitation Medicine,* 900 F.3d 104, 123 (3d Cir. 2018). Assuming *arguendo* for present purposes that Ms. Tshudy meets the requirements for qualified and disabled under the ADA, her allegation that PSU discriminated against her by "forcing her to take her Fall 2021 examinations on campus" is unsupportable. *See* ECF No. 1 at ¶41.

To the extent Ms. Tshudy's discrimination claim is ultimately construed as a disparate treatment cause of action, the Complaint contains no alleged facts demonstrating that Ms. Tshudy's disability played a role in Dickinson Law's requirement that she take her Fall 2021 exams on campus. For example, Ms. Tshudy does not allege that non-disabled students were able to take their exams remotely or were otherwise treated more favorably. Thus, the Complaint fails to assert a viable disparate treatment cause of action.

Additionally, while not entirely clear, Ms. Tshudy appears to vaguely allege that she received accommodations from PSU allowing her to take her exams online. *See* ECF 1 at ¶39. This

allegation is simply not true. Ms. Tshudy has not attached to her Complaint any evidence that she was granted an accommodation from Dickinson Law for remote test-taking. This absence is no omission as Ms. Tshudy never requested, nor did she ever receive, a remote test-taking accommodation from Dickinson Law at any point.[6] *See* August 15, 2021 Dickinson Law Letter "Academic Adjustments for Fall Semester 2021" attached hereto as Exhibit B.[7] Thus, Ms. Tshudy's entire "discrimination" claim is based on the demonstrably-false allegation that she had a remote test-taking accommodation. Accordingly, this claim fails as a matter of law as PSU "cannot be held liable for failing to reasonably provide an accommodation that was never requested." *See LaGatta v. Pa. Cyber Charter Sch.*, 726 F. Supp. 2d 578, 588-89 (W.D. Pa. 2010) (ruling a cyber-school cannot be liable for failure to accommodate when the accommodation was never requested.). Simply put, the fact that an accommodation for remote test-taking was neither requested by Ms. Tshudy nor received is fatal to any failure to accommodate claim.

### iii. The Complaint Fails to State a Claim for a First Amendment Violation

Ms. Tshudy's third cause of action purports to allege a "violation of Plaintiff's First Amendment rights as well as 42 USC 1983, the Civil Rights Act" (the "First Amendment Claim"). *See* ECF No. 1 Complaint at ¶45. While it is not clear, in light of Ms. Tshudy's reference to retaliation and 42 U.S.C. ¶1983, PSU is proceeding under the assumption that Ms. Tshudy is

---

[6] While Ms. Tshudy conveniently chose not to attach this document to her Complaint, this Court is permitted to consider this document as "[o]n a motion to dismiss under Rule 12(b)(6), the court may consider allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Delaware County Employees Retirement System v. AdaptHealth Corp.*, Civil Action No. 2103382, 2022 WL 2073826, *1 (E.D. Pa. June 9, 2022) (*internal citations and quotations omitted*).

[7] Furthermore, to the extent Ms. Tshudy's Second Cause of Action could somehow be construed as a breach of contract relative to the breach of alleged agreed-to accommodations it also fails as a matter of law as Ms. Tshudy has failed to provide any evidence – or attach her Complaint – any contract or agreement granting her a remote test-taking accommodation from Dickinson Law. Indeed, no such accommodation was in place.

8

attempting to assert a retaliation claim under the First Amendment to the United States Constitution, applied to state actors through 42 U.S.C. ¶1983.[8] Such a claim has three elements: (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *See Thomas v. Independence Twp.*, 463 F. 3d 285, 296 (3d Cir. 2006).

It appears that Ms. Tshudy is alleging that the PSU Bursar's Office supposedly told her that her scholarship must have been accidentally revoked and that, by email dated June 7, 2022, Dean Conway allegedly stated that Ms. Tshudy "was forbidden to discuss this with any Penn State employees." *See* ECF No. 1 at ¶¶47-48. Ms. Tshudy attaches the June 7, 2022 email as Exhibit B to her Complaint. The Complaint then alleges that the June 7, 2022 email "was a clear attempt by the law school to silence plaintiff and abrogate her First Amendment rights in order to cover up an alleged mistake by defendant." *See* ECF No. 1 at ¶49. This claim is without legal or factual basis.

Ms. Tshudy's claim is belied by the very document attached to her Complaint. According to Ms. Tshudy, Dean Conway told Ms. Tshudy that she was "forbidden to discuss [the Bursar's alleged statement regarding her scholarship being revoked in error] with any Penn State employees. " *See* ECF No. 1 at ¶48. However, this is not what the June 7, 2022 email actually states. The email, which is attached as Exhibit B to Ms. Tshudy's Complaint, states, "please refrain from communicating to employees of Penn State University and Dickinson Law that there was an administrative mistake regarding the revocation of your scholarship." *See* ECF No. 1 Ex. B. In other words, Dean Conway merely requested that Ms. Tshudy stop misrepresenting to Penn State and/or Dickinson Law employees that her scholarship was revoked in error when it was not.

---

[8] In fact, the First Amendment cause of action purportedly set forth in Ms. Tshudy's Complaint should also be dismissed as vague and unclear in violation of Fed. R. Civ. P. 8.

9

Moreover, even if the June 2022 letter reads as alleged – which it does not – Ms. Tshudy's claim still fails as she has not and cannot allege that the letter "was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *See Herman v. Hostrman,* Civil Action No. 1:11-cv-989, 2011 WL 4974184, *3 (M.D. Pa. Oct. 19, 2011) *citing McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006). The Third Circuit has already determined that "*de minimis* responses to protected speech such as criticism, false accusations, or **verbal reprimands** do not rise to the level of actionable retaliation." *See Herman*, 2011 WL at *3 (*emphasis supplied*), *citing Brennan v. Norton,* 350 F. 3d 399, 419 (3d Cir. 2003). Since the June 7, 2022 email was a *de minimis* admonishment prompted by Ms. Tshudy's actions in making inaccurate statements, it cannot constitute a retaliatory act for purposes of a First Amendment retaliation claim as a matter of law.

For example, in *Revell v. City of Jersey City,* 394 Fed. Appx. 903 (3d Cir. 2010) (*unpublished*) the plaintiff asserted a First Amendment retaliation claim against the City of Jersey City, its police department and certain individual officers based on purported retaliatory conduct directed at her speech (*i.e.,* a letter writing campaign reporting alleged improprieties surrounding a city purchasing decision). The alleged retaliatory conduct alleged included, among other things, being told by one of the defendants/appellees to stop her letter-writing campaign. The Third Circuit affirmed the District Court's grant of summary judgment in favor of the defendants/appellee because "Courts have declined to find adverse action where the alleged retaliatory acts were criticisms, false accusations or verbal reprimands." *Id*. at 906 *citing to Brennan v. Norton,* 350 F.3d 399, 419 (3d Cir. 2003). The Third Circuit found that the plaintiff/appellant's allegations of retaliation – including the instruction to stop her letter writing campaign – were the "equivalent to a few criticisms, admonishments, or verbal reprimands [and] do not rise to the level of a campaign

of retaliatory harassment." Thus, since the June 7, 2022 email (which is attached to the Complaint and can therefore be considered for purposes of the present Motion to Dismiss) contains merely a *de minimis* admonishment and/or reprimand response to Ms. Tshudy's misrepresentations to PSU employees, it cannot constitute a retaliatory act as a matter of law for purposes of a First Amendment retaliation claim and the third cause of action of the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant, The Pennsylvania State University respectfully request that this Honorable Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and dismiss Plaintiff, Trisha Tshudy's Complaint in its entirety with prejudice.

Respectfully submitted,

Dated:  September 13, 2022

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Geoffrey F. Sasso*
Geoffrey F. Sasso (Pa. ID 202936)
George Morrison (Pa. ID 203223)
Erin Lucas Hamilton (Pa. ID 93852)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
P: 215-665-8700
F: 215-665-8760
geoff.sasso@bipc.com
george.morrison@bipc.com
erin.hamilton@bipc.com

*Attorneys for Defendant, The Pennsylvania State University*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2022, a true and correct copy of the Defendant The Pennsylvania State University's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law was filed by the Court's Electronic Case Filing System and is available for viewing and downloading from the ECF system. The below was served via ECF:

William C. Reil, Esquire
Law Offices of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102

*Attorney for Plaintiff, Trisha Tshudy*

/s/ Geoffrey S. Sasso
Geoffrey F. Sasso, Esquire
*Attorney for Defendant,*
*The Pennsylvania State University*