| | | |
|---|---|---|
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE MIDDLE |
| | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | 4:22-cv-01431 |
| | : | |
| | : | Honorable Matthew W. Brann |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, upon consideration of

Defendant's Motion to Dismiss Complaint, and the Answer and Memorandum of Law

of Plaintiff, it is hereby ORDERED that the Motion  to Dismiss is DENIED.


BY THE COURT:


_____
Honorable Matthew W. Brann
United States District Court Judge

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635                                    ATTORNEY FOR PLAINTIFF

| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE MIDDLE |
| | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | 4:22-cv-01431 |
| | : | |
| | : | Honorable Matthew W. Brann |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION
## TO DISMISS THE COMPLAINT

For the reasons set forth in the attached memorandum of law, Plaintiff Trisha

Tshudy by her undersigned counsel, moves the Court to deny Defendant's motion to

dismiss Plaintiff's Complaint.


Respectfully submitted,
/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
Attorney I.D. No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA  19102
09/27/22

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635                                   ATTORNEY FOR PLAINTIFF

| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE MIDDLE |
| | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | 4:22-cv-01431 |
| | : | |
| | : | Honorable Matthew W. Brann |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff, Trisha Tshudy, through her undersigned counsel, submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, under F.R.C.P. 12(b)(6), and in support thereof, it is averred as follows:

**INTRODUCTION**

This case involves the claim of Trisha Tshudy, a third-year student at Dickinson Law School of the Pennsylvania State University ("Penn State"), regarding her law school's refusal to allow her to finish her third year of law school and the violation of due process in an honor board hearing in which she received an F grade and a notation on her transcript. Plaintiff did not commit an honor board violation. It should be emphasized that the sanction that Ms. Tshudy received in the paper for Professor Gould's class, and her cumulative average, were such that she was not disqualified from completing her third year at Dickinson. However, she lost her scholarship and the school told her that she could receive financial aid; however, when Ms. Tshudy tried to enroll for the third year and obtain financing, she was shut out by the law school in retaliation for her complaints about failure to receive reasonable accommodations.

Trisha Tshudy had disability accommodations from the defendant since she matriculated at the law school as a result of a serious case of Lyme disease.  She had previously taken her courses and examinations online, but was ordered to take her examinations in Fall of 2021 in person without any explanation by defendant.  In short, plaintiff was constructively discharged in retaliation for exercising her rights under the ADA.  She was not allowed to register for her third year.

The Court should not dismiss the complaint under Rule 12(b)(6), since there are plausible claims by plaintiff which support viable causes of action.

A short procedural synopsis of the case is in order.  Plaintiff filed a complaint on 8/21/22 and a motion for a permanent or preliminary injunction at the same time.  It is uncontested that Dickinson Law School began on 8/22/22.  Accordingly, plaintiff sought a preliminary injunction so she could begin with her class while the merits of the underlying case were being litigated.  On 8/26/22, there was a conference with the Honorable Wendy Beetlestone of the Eastern District of Pennsylvania.  On 9/1/22, the parties were referred to a magistrate judge for a settlement conference, which conference never occurred.  Twice Judge Beetlestone canceled a hearing on the preliminary injunction the day before.  Defendant filed a motion to transfer venue in the case to the Middle District of Pennsylvania, essentially alleging that the witnesses were primarily at the Dickinson Law School which was closer to Harrisburg than Philadelphia.  Defendant filed a motion in opposition to the motion for preliminary injunction and a motion to dismiss on 9/14/22.  The case was transferred to the Middle District of Pennsylvania at Williamsport before the Honorable Matthew W. Brann.  Judge Brann had a telephone conference with the parties on 9/15/22.

**CASE OVERVIEW**

Preliminarily, it should be noted that defendant did not file a motion with numbered averments for plaintiff to answer individually, but filed a Memorandum of Law requesting dismissal of plaintiff's complaint under F.R.C.P. 12(b)(6).

An overview of this case can be found in paragraphs 23 through 25 of the complaint, which is titled "Summary." They read as follows:

The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson. Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*. These machines were not used in plaintiff's other courses.

Dickinson discriminated against the plaintiff by violating her right to reasonable accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized, and on which the plaintiff detrimentally relied. Plaintiff was required to take her online final exams on campus when such action was deleterious to her health. Defendant has not explained the reason for this refusal, when plaintiff previously took her classes and examinations online.

When plaintiff learned from the Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated. She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her. This was communicated to Penn State employees. Defendant retaliated and discriminated against plaintiff arising out of exercise of her rights as a disabled person. The effectual refusal to allow financial services to communicate with the Plaintiff until the completion of the affirmative action review is

retaliation.  Ms. Tshudy was unable to register for her third year classes, despite being eligible.

A true and correct copy of the complaint is attached and incorporated as Exhibit "A" to this Answer to the Motion to Dismiss.

## EVIDENTIARY STANDARD FOR A MOTION TO DISMISS

A defendant moving to dismiss under F.R.C.P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See F.R.C.P. 12(b)(6); see also, e.g., *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Southeastern Pennsylvania Transportation Authority v. Gilead Sciences, Inc.*, Civil Action 14-6978 (E.D.Pa. 05/04/2015). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, meaning enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679, 129 S.Ct. 1937.

Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," F.R.C.P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346 (2014).

Plaintiff argues that the complaint is sufficiently specific to apprise defendant of the nature of this lawsuit and enunciates plausible claims sufficient to overcome a motion to dismiss. A plaintiff is not required to plead all the evidence necessary to prove their case in the complaint. *H.M. Bickford Company V. Speigle*, 120 A.2d 167, 384 Pa. 227 (1956). While *Bickford* is a state case, it is averred that federal law, with respect to a motion to dismiss, is substantially the same.

**PLAUSIBLE CLAIMS FOR RELIEF**

Among the plausible claims asserted in the complaint with its exhibits are the following:

1. Plaintiff's first cause of action is for violation of due process. There is no dispute that Penn State University is a state actor. Plaintiff suffered from severe Lyme disease and had previously taken her classes, as well as exams, online. When Penn State went back to in-person instruction, plaintiff was required to take her examination on campus, even though she had accommodations through Penn State.

The examination in question was a paper given by Professor Gould, who interestingly, is not mentioned at all by Penn State in their motion to dismiss. Professor Gould brought charges against plaintiff for violation of the honor code. The violations of due process primarily resulted from plaintiff having to cross-examine a machine called Turnitin. Turnitin was a similarity checker upon which the university relied.

Plaintiff needed an attorney with expertise in Turnitin or an expert witness to be able to cross-examine the similarity checker.  Furthermore, the university had previously shown plaintiff results from another similarity checker and when the findings of that machine did not suit the defendant, they went to Turnitin.  The University had no standards for Turnitin.   Plaintiff, who had never used this machine in any of her previous courses, was unable to confront the computer.  Turnitin compared plaintiff's paper with its database and came up with a similarity rating, which is far different than a plagiarism index.

Paragraph 34 of the Complaint indicates judicial precedent that Turnitin requires, as per its licensing agreement, that Ms. Tshudy give permission for her paper to be submitted to this machine.  There is no dispute that no such permission occurred.  Accordingly, the alleged evidence that showed that plaintiff plagiarized her paper was based on illegal evidence, which should be disregarded by the Court.  (Complaint, paragraphs 18, 21, 29, 31 and 34)

2. Plaintiff's second cause of action dealt with the Americans with Disabilities Act and the violation of Ms. Tshudy's right to reasonable accommodations.  Plaintiff requested reasonable accommodation under the ADA to take her final exams online as she had been doing with her classes.  Penn State offered no reason why this accommodation could not continue to be observed.  Before her exam involving the paper for Professor Gould, plaintiff became ill and requested additional time.  She did not get the time which she requested.  She submitted the paper to Professor Gould, who apparently later, made charges against plaintiff for violations against the honor code.  All of this could have been avoided had Penn State shown Trisha Tshudy reasonable accommodation in taking her final exam. (Complaint, paragraphs 7, 9, 10, 12, 38, 39, 41)

3. The third cause of action in plaintiff's complaint deals with the violation of plaintiff's First Amendment rights and retaliation for her assertion of reasonable accommodation due to her disability.  Plaintiff inquired of the Bursar's office at Penn State and was told that her scholarship could not be retroactively revoked, because the proper paperwork had not been submitted.  When Dean Conway heard of this, she issued a letter, attached as Exhibit B to the Complaint, which indicated that plaintiff had been spreading misstatements.  This letter copied University personnel.   Plaintiff was told to cease making misstatements and by inference, the University offices to stop speaking to plaintiff, so she could not make arrangements for financial aid and registration.

It is plaintiff's position and a factual issue in this case that defendant retaliated against plaintiff by refusing to register her and refusing to assist her with financial aid as promised.  It should be emphasized that the honor board hearing did not dismiss plaintiff, but gave plaintiff an F for the course with Professor Gould, and added certain language concerning this determination to her transcript. (Complaint, Exhibit B, paragraphs 17,46, 47, 48)

### AMENDED COMPLAINT

If the complaint is insufficient due to a dearth of factual allegations, then there is a strong policy favoring the allowance of an amended complaint. "If a complaint is subject to a Rule 12(b)(6) dismissal, a District Court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d. Cir. 2008) (citation omitted.)

Accordingly, plaintiff would request to amend her complaint, if necessary.

## DISCOVERY

It is argued that the Court should allow the plaintiff to take discovery in this matter. This is particularly so because plaintiff has yet to receive a copy of the recording and/or the transcript of the proceeding before the honor board. Furthermore, the position of Professor Gould as to why charges were leveled against plaintiff before the honor board is unknown. Professor Gould is the adjunct lecturer who taught the course in question to which plaintiff submitted a paper. Professor Gould never communicated with plaintiff before lodging charges against her. It is not known whether Professor Gould ran plaintiff's paper through Turnitin. Professor Gould's deposition and his testimony at the honor board hearing are of paramount importance to plaintiff's case.

## DUE PROCESS

When the government deprives a person of a vested life, liberty or property interest, the Due Process Clause of the Constitution requires procedural fairness. The basic issue is whether Penn State's treatment of plaintiff comported with fundamental fairness. See *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254 (1980); *Cleveland Board of Education v. Lauderhill*, 105 S.Ct. 3249 (1982); Compare *Arnette v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633 (1974), (plurality opinion).

## SECTION 1983

Penn State had a policy which violated plaintiff's due process rights under Section 1983 of the Civil Rights Act. That policy is a nugatory one, namely that Penn State lacked any policy or standards for the use of Turnitin. Plaintiff has a sufficient interest at stake to invoke due process. Not only plaintiff's reputation, but her career as a lawyer has been put in jeopardy by the actions of defendants.

Penn State, a state actor, is liable for plaintiff's injuries under Section 1983, as set forth in plaintiff's complaint, because defendants' employees or agents [faculty] executed a governmental policy that directly resulted in the deprivation of plaintiff's civil rights. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).  If a city official [or state actor] causes a deprivation of life or liberty upon another because he was following a city policy reflecting the policymakers' deliberate indifference to constitutional rights, then the city is directly liable under Section 1983 for causing a violation of plaintiff's fourteenth amendment rights. *Fagan v. City of Vineland*, 22 F.3d at 17 (3d Cir. 1993)  Liability may be based on actions of an official with final policy-making authority, which is then attributed to the municipality, and even a *single action* by the policy maker may be enough to trigger municipal liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292 (1986).  (emphasis supplied).

It is not required to find that individual defendants violated the rights of plaintiff to find that the government bodies and corporate entities (state actors) named in plaintiff's complaint had a policy whose implementation violated those civil rights. *Pembaur, supra*; *Tennessee v. Guiner*, S. Ct. 1694 (1985); *Simmons v. City of Philadelphia*, 947 F. 2d 1042 (3rd Cir. 1991). In his excellent analysis at p. 28–45 of *Simmons v. Philadelphia*, *supra*, Judge Becker rejected the City's argument that an employee must have primary liability for a constitutional violation. The Supreme Court in both *Pembaur* and *Guiner*, *supra*, considered civil rights liability of the municipality alone, where all individual defendants had been dismissed.

In order to state a valid claim under Section 1983, plaintiff must allege the following: (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived plaintiff of rights, privileges or

immunities secured by the United States Constitution. *Coates v. Jeffers*, 822 F. Supp. 1189 (E.D. Pa. 1993) citing *Parratt v. Taylor* 451 U.S. 527, 535 101 S. Ct. 1908, 1912, 68 L. Ed.2d 420 (1980).

The government body itself may be *directly liable* itself under section 1983, if employees or agents are executing the government policy or custom when they inflict injury to an individual's civil rights. *Monell v. Department of Social Services*, 436 U.S 658, 98 S.Ct. 2018 (1978).

It is settled law that abrogation of liberty interests is sufficient for a violation of Section 1983. Whenever a person's reputation, honor or integrity is at stake, due process and liberty interest are implicated. Clearly, the finding by Penn State that Tshudy had plagiarized her final examination paper in Professor Gould's class, and the official admonition thereof, has extreme implications for her reputation, and her career as an attorney.

**DEFENDANT'S BRIEF**

Defendant's brief is more akin to a motion for summary judgment. It is argued that there are several plausible claims in the complaint which rise above the speculative level on the face of the complaint, and they are not shorn of their validity at the motion to dismiss level of the case on the basis that defendant asserts that they are untrue. Defendant chastises plaintiff, in its brief, for conclusory statements, yet makes a number of conclusory statements in its motion to dismiss. Interestingly enough, defendant fails to mention Professor Gould, who is the key defense figure in this case. Professor Gould is an attorney with an office in King of Prussia in the Eastern District of Pennsylvania, who taught as an adjunct (part-time) professor at Penn State. It was Professor Gould who brought the charges of plagiarism against plaintiff and Professor Gould who testified at her honor board hearing.

Also, it should be noted that defendant repeatedly states that plaintiff did not ask for a reasonable accommodation to take her final exams on campus, while plaintiff disagrees.  It is unlikely that plaintiff, who suffered from Lyme disease, and who had previously taken her examinations online, would suddenly request to take her examinations in person and on campus.

There is not a word to be found in defendant's brief about the invalidity of the entire honor board hearing, in that plaintiff's permission was required to use Turnitin. Nothing is to be found in defendant's brief about whether there were any standards at Penn State for the use of Turnitin nor who was qualified to operate the machine. Whether the Court should recognize Turnitin as a valid device like fingerprints, or proscribe it like a so-called lie detector, is a central issue in this case, not discussed in defendant's brief.  Defendant never discusses in its brief how it gave plaintiff a reasonable accommodation when taking her final exams in Fall of 2021.

Defendant makes the point in its brief that this is not a formal trial subject to the usual rules of evidence.  However, defendant does not contest that Ms. Tshudy is entitled to due process and an opportunity to be heard.  What makes this case *sui generis* is the use of Turnitin as a lynchpin to decide plaintiff's culpability.  Defendant suggests that this may be an academic issue with limited review when it is clearly a disciplinary hearing.  Defendant further suggests on the issue of retaliatory action under the First Amendment, that Dean Conway's letter, attached as Exhibit B to the complaint, is merely a request and does not carry any legal force.  This is an area of dispute that should be reserved for summary judgment.  Finally, defendant tries to argue that Dean Conway's letter was insufficient to deter a person of ordinary firmness from exercising her First Amendment rights.  There is not only the nature of the letter, but the fact that Ms. Tshudy alleges that she tried to contact the Bursar's office and

other people at Penn State to register for her classes and to apply for the financial aid that was promised.  Again, this was a factual issue which was to be reserved for summary judgment.

**BRADSHAW  CASE**

The Memorandum Opinion in *Bradshaw v. Pennsylvania State University* (*Bradshaw v. Pennsylvania State University,* No. 10-4839, E.D. Pa. 04/05/2011) was written by former Chief Judge Fullam of the Eastern District in response to a Motion to Dismiss.  *Bradshaw* involved the dismissal of a law student from Dickinson Law School for failure to achieve a required grade point average.  The Court dismissed the breach of contract claim with leave to amend.  The *Bradshaw* Court stated that plaintiff cited to a provision of the student handbook that the academic rules committee "shall seek from each faculty member an evaluation of the performance and potential of a law student of each petitioner."

The Court then concludes that because it is possible that the plaintiff may be able to allege a viable claim for breach of contract, the plaintiff will be given the opportunity to amend the complaint. *See Bradshaw* at page 4.  Parenthetically, it should be noted that the *Bradshaw* case settled before the Court made a final ruling on any Amended Motion to Dismiss.

**CONCLUSION**

For the reasons set forth, the Court should deny Defendant's Motion to Dismiss the Complaint.

> Respectfully submitted,
> /s/ William C. Reil
> William C. Reil, Esquire
> Attorney for Plaintiff
> Attorney I.D. No. 26833
> 1420 Locust Street, Suite 420
> Philadelphia, PA  19102
> 09/27/22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the attached document (s) was

served upon all other parties or their counsel of record by:

| | |
|---|---|
| _____ | Regular First Class Mail |
| _____ | Facsimile |
| _____ | Certified Mail |
| _____ | Hand-Delivered |
| _____X_____ | Electronic Filing |
| _____ | Federal Express |

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
Attorney I.D. No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA  19102
09/27/22

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>      & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>      Student Loans<br>      (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>      of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>      Liability<br>☐ 320 Assault, Libel &<br>      Slander<br>☐ 330 Federal Employers'<br>      Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>      Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>      Product Liability<br>☐ 360 Other Personal<br>      Injury<br>☐ 362 Personal Injury -<br>      Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>      Product Liability<br>☐ 367 Health Care/<br>      Pharmaceutical<br>      Personal Injury<br>      Product Liability<br>☐ 368 Asbestos Personal<br>      Injury Product<br>      Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>      Property Damage<br>☐ 385 Property Damage<br>      Product Liability | ☐ 625 Drug Related Seizure<br>      of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>      28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>      New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>      Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>      3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>      Corrupt Organizations<br>☐ 480 Consumer Credit<br>      (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>      Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>      Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>      Accommodations<br>☐ 445 Amer. w/Disabilities -<br>      Employment<br>☐ 446 Amer. w/Disabilities -<br>      Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>      Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>      Conditions of<br>      Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>      Act<br>☐ 720 Labor/Management<br>      Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>      Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>      Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>      Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>      or Defendant)<br>☐ 871 IRS—Third Party<br>      26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>      Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>      Act/Review or Appeal of<br>      Agency Decision<br>☐ 950 Constitutionality of<br>      State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____                DOCKET NUMBER _____

DATE _____                SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                                                                              */s/ William C. Reil*
                                                                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     *Federal Question Cases:*                         **B.**     *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts          ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                                  ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                             ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                             ☐  4.  Marine Personal Injury
☐  5.  Patent                                                                ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                            ☐  6.  Other Personal Injury *(Please specify)*: _____
☐  7.  Civil Rights                                                          ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                         ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                               ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                                 *(Please specify)*: _____
☐  11. All other Federal Question Cases
       *(Please specify)*: _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                                                              */s/ William C. Reil*
                                                                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102

| | | |
|---|---|---|
| 215-564-1635 | | ATTORNEY FOR PLAINTIFF |
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA 17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | NO. |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

## COMPLAINT - CIVIL ACTION

### PARTIES

1.  The plaintiff is Trisha Tshudy, who is an adult individual residing at the address in the caption.

2. The defendant is Penn State University, a state-related educational entity of the Commonwealth of Pennsylvania, whose address for service of process is indicated in the caption.

### JURISDICTION AND VENUE

3.  The Court has jurisdiction under the Due Process clause of the United States Constitution and the Civil Rights Act, 42 U.S.C. 1983, with pendent jurisdiction to consider any claims arising under state law.

4.  Venue is properly before the Court, since defendant is located and conducts business in the Eastern District of Pennsylvania.

### GENERAL ALLEGATIONS

5.  Plaintiff is a law student at the Dickinson Law School of the Pennsylvania State University.

6. At all times material herein, plaintiff is scheduled to begin her third and last year

at Dickinson Law School, which commences August 22, 2022.

7. Plaintiff had suffered from Neurological Lyme Disease (cerebral borreliosis) and co-infections, immunological conditions, for years prior to her diagnosis in 2009 and has received aggressive treatment since.

8. Ms. Tshudy received a scholarship to the Dickinson Law School in 2019 to be implemented in Fall of 2020.

9. At all times material herein, plaintiff received accommodations from Penn State, based on submitted medical data and her previous history of accommodations, which were essential to the completion of her undergraduate degree and were implemented for the three semesters during COVID that included the potentially life-saving precaution of taking her courses online due to her immunological condition.

10.  At the end of the Fall 2021 semester, Penn State University discriminated against the plaintiff, violating her rights under the ADA, when the school refused to honor the agreed upon accommodations and required her to come to the campus for her online exams despite the threat to her health.

11.  This act of discrimination and breach of agreement caused the plaintiff to overexpose her immune system and resulted in severe illness of which the administration was informed.

12.  The plaintiff's in-person request for any relief options including, but not limited to, delay of the due date for her seminar paper to adjust for the resulting illness, were all denied.  As such, she was forced to complete all finals while severely ill and submit a paper, which was incomplete, while under threat that delayed submission would mean course failure.

13. Plaintiff was accused of a violation of the honor code, essentially plagiarism,

when she submitted said paper for Adjunct Professor James M. Gould.  She received a grade of "F" for his course and plaintiff is requesting rescission of that grade.

14.  Professor Gould never communicated with plaintiff before he made allegations of plagiarism.

15. Plaintiff had a hearing on or about January 14, 2022 at which Penn State found against her and her scholarship was revoked.  A month later, immediately after inquiring about her affirmative action rights but without any prior notice, her scholarship was retroactively revoked with threat that delayed payment can lead to permanent dismissal from the law school. A true and correct copy of the letter from Dean Danielle M. Conway on February 16, 2022 revoking the scholarship is attached and incorporated as Exhibit A.

16.   After inquiring to administration about her rights, Plaintiff's repeated attempts to contact the Financial Aid office to explore temporary payment options as recommended in the letter went unanswered.  Plaintiff  then inquired of the Bursar's Office for the same information and was told that her scholarship could not be revoked at that time because Dickinson had not followed proper procedures.

17. Plaintiff was then instructed by Dean Conway not to speak to anyone about the information that she received from the Bursar's Office.

18.  At Plaintiff's hearing, she did not have the opportunity to have counsel or expert advice concerning a similarity checker called Turnitin or the previous computer system used by the University, which results substantially diverged from each other.

19. Plaintiff was denied due process at her honor code hearing.

20. Penn State violated its own procedures (and possibly state law by retroactively revoking PA Scholars Award) by retroactively confiscating scholarship funds.

21. Penn State originally submitted plaintiff's paper to a computer similarity checker, and when that result was not to the University's liking, Penn State then submitted the paper in question to a different similarity checker, Turnitin.

22. Plaintiff's disability accommodation by Dickinson was violated, *inter ali*a, because she was required to take her final examinations on campus.

### SUMMARY

23. The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson. Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*. These machines were not used in plaintiff's other courses.

24. Dickinson discriminated against the plaintiff by violating her right to accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized on which the plaintiff detrimentally relied. Plaintiff was required to take her online final exams on campus when such action was deleterious to her health.

25. When plaintiff learned from the Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated. She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her. Defendant retaliated and discriminated against plaintiff arising out of exercise of her rights as a disabled person. The effectual refusal to allow financial services to communicate with the Plaintiff until the completion of the affirmative action review is retaliation.

## FIRST CAUSE OF ACTION
## TRISHA TSHUDY V. ALL DEFENDANTS

26.  Plaintiff incorporates all prior paragraphs as though fully set forth herein.

27.  This cause of action is for violation of plaintiff's due process rights when Penn State conducted an honor code hearing concerning alleged plagiarism by plaintiff.

28.  Plaintiff was not given counsel at the hearing.

29.  Penn State used a different similarity checker named Turnitin, when the original similarity checker did not reveal what the University had hoped to prove.

30.  The University had no published standards for any computer similarity checker.

31.  Plaintiff was forced to confront similarity checkers which were expert computer systems without any expert advice or testimony on her part.

32. Plaintiff was not allowed to appropriately cross-examine her accusers, nor confront the evidence and witnesses against her.

33.  Ms. Tshudy's paper was illegally submitted to Turnitin by defendant, since her permission was a *sine non qua* for the use of Turnitin.

34. The Turnitin End-User License Agreement requires that Tshudy would have had to agree to what defendant did surreptitiously and without her consent.  In the case of *A.V. v. Iparadigms, Limited Liability Company*, 544 F. Supp. 2d 473 (E.D. Va. 2008), a civil action, United States District Judge Claude M. Hilton in an Opinion on 03/11/08, discusses the nature of Turnitin in a Memorandum Opinion.  Judge Hilton, on page 2 of his Opinion, references the user agreement and indicates that Turnitin can only be used if the student clicks "I Agree".  It is argued that there is no dispute that Penn State submitted Tshudy's paper to Turnitin in violation of the law.

35. As a result of the conduct of Penn State and the Dickinson Law School, and

their agents, the civil rights of plaintiff under 42 U.S.C. 1983 and Due Process rights of plaintiff were violated as set forth herein.

36. Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity.  Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

**SECOND CAUSE OF ACTION**
**TRISHA TSHUDY V. ALL DEFENDANTS**

37.   Plaintiff incorporates all prior paragraphs as though fully set forth herein.

38.   At all times material herein, Trisha Tshudy suffered from a serious immunological disease which placed her in the high risk/life threatening population during the COVID pandemic.

39. Ms. Tshudy was granted remote enrollment for the Fall 2020, Spring 2020, and Fall 2021 semesters  as a disability accommodation from Penn State.

40. Ms. Tshudy relied on the representations of Penn State to her detriment.

41. Penn State discriminated against Ms. Tshudy bu forcing her take her Fall 2021 examinations on campus to the detriment of her health.

42.  Penn State violated its promises to Ms. Tshudy and obligations under the

University disability procedures and the Americans with Disability Act.  Plaintiff relied on these promises to her detriment.

43. Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity.  Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

## THIRD CAUSE OF ACTION
## TRISHA TSHUDY V. ALL DEFENDANTS

44.  Plaintiff incorporates all prior paragraphs as though fully set forth herein.

45. This is a cause of action is for violation of plaintiff's First Amendment rights as well as 42 USC 1983, the Civil Rights Act.

46.  When the plaintiff inquired about her affirmative action rights, Penn State immediately revoked plaintiff's scholarship and the Carlisle Campus Financial Office refused to communicate regarding account resolution options, so the plaintiff contacted the Bursar's Office at Penn State.

47.  Ms. Tshudy was advised by the Bursar's Office that her scholarship MUST have been accidentally revoked because it cannot be retroactively revoked once credited to the account, and the law school and University had not followed their own process, and defendant acted without the certification required by their own policy.

48. When she advised the law school concerning this, she was told by Dean Conway that she was forbidden to discuss this with any Penn State employees.  A true and correct copy of the June 7, 2022 letter of Dean Conway is attached and incorporated as Exhibit B.

49. This was a clear attempt by the law school to silence plaintiff and abrogate her First Amendment rights in order to cover up an alleged mistake by defendant.

50.  Defendant is on notice of this action.  On August 9, 2022 undersigned counsel sent a letter of representation to Penn State.  Plaintiff executed a FERPA form for educational records from Penn State.  Counsel for Penn State sent educational records to undersigned counsel.  A true and correct copy of the letter of representation to Penn State is attached and incorporated as Exhibit C.

51.  Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity.  Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

Respectfully submitted,

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/21/22

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"



**PennState**
**Dickinson Law**

**Danielle M. Conway**
Dean and Donald J. Farage Professor of Law
Dickinson Law
The Pennsylvania State University
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

717-240-5208
dzc5647@psu.edu
dickinsonlaw.psu.edu

February 16, 2022

Ms. Trisha Tshudy
762 Palmyra Bellegrove Road
Annville, PA  17003

Dear Ms. Tshudy:

When you were admitted to Penn State Dickinson Law, you were awarded a full-tuition scholarship. Your acceptance letter stated that your scholarship would be renewed provided that you remained in good standing under both the Academic Rules and the Honor Code. As well, Dickinson Law's policy regarding scholarship retention is stated on the Law School's website: https://dickinsonlaw.psu.edu/grants-and-scholarships.

As a result of your Honor Code violation, your scholarship will be revoked for the current semester and for the 2022-2023 academic year. Your balance due to the University for the current semester will be $26,688 in the absence of your scholarship credit. You will see this change reflected in your student account as soon as the Bursar's office processes your scholarship revocation. Should you need to borrow loans to cover this balance or any future balance in subsequent semesters, please contact Rebecca Schreiber, Director of Admissions & Financial Aid, at rms822@psu.edu. Please note that Dickinson Law will not retroactively revoke the scholarship that you received for the three prior semesters during which you were enrolled.

Sincerely,

Danielle M. Conway
Dean and Donald J. Farage Professor of Law

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

**From:** Conway, Danielle M <DanielleConwayDickinsonLaw@psu.edu>
**Sent:** Tuesday, June 7, 2022 7:58 PM
**To:** Tshudy, Trisha R <trt5096@psu.edu>
**Cc:** Gaudion, Amy C. <acg14@psu.edu>; Saidman-Krauss, Bekah Anna <ras1075@psu.edu>; Schreiber, Rebecca M <rms822@psu.edu>; Orner, Doris Louise <dlo3@psu.edu>; Burd, Jessica Lynn <jlb5055@psu.edu>
**Subject:** RE: Notice of Revocation of Scholarship

Dear Ms. Tshudy,

I have received the notes from the University Bursar about your calls to their office. I confirmed that you contacted Penn State University Bursar and Student Financial Services on April 6, 2022. The Bursar's Office confirmed that you communicated to them that your scholarship was "removed in error." I also confirmed that on April 27, 2022 the Bursar's Office instructed you to contact the Dickinson Law Financial Aid Office.

Again, I direct you to await the decision of the Affirmative Action Office. Until then, please refrain from communicating to employees of Penn State University and Dickinson Law that there was an administrative mistake regarding the revocation of your scholarship.

Warmest,
Dean Conway

**Danielle M. Conway**
Dean and Donald J. Farage Professor of Law
Dickinson Law
The Pennsylvania State University
127C Lewis Katz Hall
150 S. College Street
Carlisle, PA 17013
717-240-5208

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

**William C. Reil, Esquire**
**1420 Locust Street, Suite 420, Philadelphia, PA 19102**
**Tel: 215-564-1635 Fax: 215-564-4292**
**BillReilLaw@gmail.com**

August 9, 2022                              **BY EMAIL and REGULAR MAIL**
                                            president@psu.edu

Neeli Bendapudi, PhD
Office of the President
Pennsylvania State University
210 Old Main
University Park, PA 16802

       Re:  Trisha Tshudy v. Penn State University, et al
          **Letter of Representation, Request to Speak with Counsel,**
          **Injunctive Relief**

Dear President Bendapudi:

Please be advised that I represent Trisha Tshudy, a student going into her third year at
Penn State University, Dickinson Law School.  Ms. Tshudy was diagnosed with
neurological Lyme disease in 2009.  My client uses a service dog.  She was awarded a
scholarship by the Dickinson Law School in 2020.  She was also given disability
accommodations pursuant to the ADA by the law school after submitting substantial
medical evidence.  I write because my client had her accommodations violated,  her
scholarship revoked, and thus cannot continue at Dickinson Law School.  This
resulted from extremely unfair and illegal treatment by the law school.  I understand
that Dickinson begins classes on August 22, 2022.  It is urged that you independently
investigate this matter to ascertain the truth for yourself.

Penn State not only violated her rights to reasonable accommodations under the ADA,
but also her procedural and substantive due process rights, as well as exercise of the
First Amendment.  Ms. Tshudy received written notice from the law school that she
could not communicate concerning her illegal treatment to other persons at the law
school. It was medically necessary for her to continue remotely with her studies, but
Ms. Tshudy was suddenly told that she had to report to the campus to take her final
exams.  This was in contravention of her medical needs as a result of the
immunological disorder. This action coupled with the refusal of staff to ameliorate the
effects of this breach led to additional harm.  She was then accused of plagiarism in a
proceeding which was in total derogation of due process.  Similarity checkers were
manipulated to give negative results against my client.  She was effectively denied
representation at her hearing.  My client detrimentally relied on the promises of the
law school, which promises were breached.

These episodes severely violated Ms. Tshudy's rights and have effectively terminated her future career as an attorney.  I am in the process of preparing a complaint and requesting injunctive relief.  I would appreciate it if you would refer this letter to your counsel so I can discuss the matter with them as soon as possible.

Sincerely yours,

*William C. Reil*

William C. Reil
WCR/mr

cc:  Trisha Tshudy