# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Trisha Tshudy, | : | |
| *Plaintiff* | : | Civil Action No. 4:22-cv-01431 |
| vs. | : | (Chief Judge Matthew W. Brann) |
| Pennsylvania State University | : | |
| *Defendant* | : | |

## DEFENDANT, THE PENNSYLVANIA STATE UNIVERSITY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Dated: October 10, 2022

**BUCHANAN INGERSOLL & ROONEY PC**

Geoffrey F. Sasso (Pa. ID 202936)
George C. Morrison (Pa. ID 203223)

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
P: 215-665-8700
F: 215-665-8760
geoffrey.sasso@bipc.com
george.morrison@bipc.com

*Attorneys for Defendant,*
*The Pennsylvania State University*

Defendant, The Pennsylvania State University ("PSU"), hereby files this Brief in further support of its Motion to Dismiss (ECF Nos. 29 and 30) and in reply to the Response in Opposition filed by Plaintiff (the "Opposition"), Trisha Tshudy ("Plaintiff"), (ECF No. 34).

## INTRODUCTION

Failing to address the invalidity of her claims, Plaintiff instead proffers a misleading argument based on inapplicable case law, irrelevant facts, and untrue accusations all in furtherance of an attempt to explain why Plaintiff should not have been sanctioned, consistent with the Penn State Dickinson Law ("Dickinson Law") Honor Code, for admitted plagiarism. This is not a valid basis to oppose a proposed 12(b)(6) dismissal. The only question before this Court is whether Plaintiff has stated valid causes of action in her Complaint. Plaintiff has not addressed and cannot address this threshold pleading issue and, if anything, the Opposition raises more confusion than clarity. PSU's Motion to Dismiss should be granted in its entirety.

## LEGAL ARGUMENT

### A. Plaintiff Has Failed to State a Due Process Claim as She Received More Process than Was Due in the Student Disciplinary Context

Plaintiff's due process claim is based on her allegation that she was denied the right to counsel and to cross-examine witnesses against her. *See* ECF No. 1, at ¶¶ 28; 32. Even if these rights existed in the student disciplinary context (which they

do not), this claim fails as Plaintiff was permitted to have counsel at the Honor Code Hearing (but declined to do so) and was afforded the ability to (and did) cross-examine witnesses against her. Plaintiff's real complaint is her belief that certain documentary evidence should not have been considered. However, this is not a valid basis for due process claim.

Plaintiff's claim that she was "denied counsel" is simply not true. The Penn State Dickinson Law Honor Code provides that the accused student "has the right, at their own expense, to secure legal representation for any stage of the Honor Proceeding." *See* ECF No. 30, at p. 5, fn. 4.[1] Plaintiff's decision not to take advantage of this privilege is not a basis for a claim against PSU.

On the issue of cross-examination, Plaintiff never identifies a witness she was not able to cross-examine[2] and, instead, complains about "having to cross-examine a machine called Turnitin." *See* ECF No. 34, at p. 7. This is not an issue of cross-examination, but one of admissibility of evidence and Plaintiff bears the burden of tying her complaint to an established legal right. Plaintiff cannot do so because it is

---

[1] PSU attached the Dickinson Law Honor Code to its Motion to Dismiss as "[o]n a motion to dismiss under Rule 12(b)(6), the court may consider…matters incorporated by reference or integral to the claim…" *Delaware County Employees Retirement System v. AdaptHealth Corp.*, Civil Action No. 21-3382, 2022 WL 2073826, *1 (E.D. Pa. June 9, 2022).

[2] To the contrary, Plaintiff questioned both witnesses that appeared at the hearing and brought her own witness, whom she declined to call to testify on her behalf.

3

well-settled that the rules of evidence do not apply in the student disciplinary context.³ *See e.g., Henson v. Honor Committee of U. Va.*, 719 F.2d 69, 74 (4th Cir. 1983); *Flaim v. Medical College of Ohio*, 418 F.3d 629, 635 (6th Cir. 2005); and *Nash v. Auburn University,* 812 F.2d 655, 665 (11th Cir. 1987).

The only law mentioned by Plaintiff is her misleading recitation of the holding of *Bradshaw v. Pennsylvania State University*, Civil Action No. 10-4839, 2011 WL 1288681 (E.D. Pa. April 5, 2011).⁴ However, *Bradshaw* actually supports PSU's position. In *Bradshaw*, the plaintiff asserted a §1983 due process claim and a breach of contract claim based on her allegation that she was denied representation at her dismissal hearing, was not properly evaluated by her professors, and the dean who presided over the hearing should have been disqualified. *Bradshaw*, 2011 WL 1288681, at *1. The Eastern District held that these complaints did not rise to the level of a due process claim as no hearing was required in the student disciplinary context and it dismissed the §1983 claim with prejudice without leave to amend. *Id*. The breach of contract claim was dismissed without prejudice to give Plaintiff the opportunity to allege the necessary element of whether PSU was a public or private

---

³ It should be noted that the Honor Code hearing board considered other evidence (including a side-by-side comparison of Plaintiff's paper to the secondary source) that revealed Plaintiff had copied entire paragraphs verbatim. Therefore, the issue of the hearing board's consideration of Turnitin is a red herring.

⁴ Plaintiff's counsel was counsel for the plaintiff in *Bradshaw* and, therefore, is aware of the case's holding.

university. *Id.* at * 2. Simply put, while the instant matter does not involve a breach of contract claim it does involve a student's due process claim and, thus, *Bradshaw* furthers the point that none of the rights Plaintiff claims are at issue (counsel, cross-examination, use of the rules of evidence) exist in the student disciplinary context. Nevertheless, PSU afforded Plaintiff the privilege of counsel and to cross-examine witnesses against her and, therefore, there is no basis for a due process claim and Count I should be dismissed.

    **B.**    <u>**Plaintiff Cannot State a Failure-to-Accommodate Claim for an Accommodation She Never Requested**</u>

Plaintiff contrives a claim under the Americans with Disabilities Act ("ADA") by concealing a key document that invalidates that very claim. While Plaintiff's Complaint is vague as to the nature of her ADA claim, her opposition appears to indicate that she is making a failure-to-accommodate claim via her argument that:

> Dickinson discriminated against the plaintiff by violating her right to reasonable accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized, and on which Plaintiff detrimentally relied. Plaintiff was required to take her online final exams on campus when such action was deleterious to her heath. Defendant has not explained the reason for this refusal, when plaintiff previously took her classes and examinations online.

ECF No. 34, at p. 5.[5]

---

[5] As argued in the Motion to Dismiss, no allegations are made in support of a potential disparate treatment or disparate impact theory and the Opposition does not

It is no accident that Plaintiff fails to attach the documentation "memorializing" her accommodations to her Complaint. As it is a document "integral to the claim", PSU attached Plaintiff's Fall 2021 Academic Adjustment Letter to its Motion. This letter demonstrates that Plaintiff's only testing accommodations were "100% extended time to take exams/quizzes in a private room" and an allowance "to take breaks during exams that may require leaving the testing room." *See* ECF No. 29-2, at p. 2. The letter provides no accommodation for remote exams. At no point in her opposition does Plaintiff address or refute this point other than to blankly "disagree" with PSU's position:

> …defendant repeatedly states that plaintiff did not ask for a reasonable accommodation to take her final exams on campus, while plaintiff disagrees. It is unlikely that plaintiff, who suffered from Lyme disease, and who had previously taken her examinations online, would suddenly request to take her examinations in person and on campus.

ECF No. 34 at p. 13.

Plaintiff cannot *disagree* with a **fact**, and it is a fact that Plaintiff neither requested nor received an accommodation for remote examinations. A failure-to-

---

respond to this point. Thus, presumably, Plaintiff is conceding she is not asserting a disparate treatment or disparate impact ADA cause of action and, moreover, had she intended to do so, she has waived them by not addressing such issues in her Opposition. *See Pennsylvania National Mutual Casualty Insurance Co. v. Tidewater Equipment Company,* Civil No. 3:21-CV-00551, 2022 WL 896876, *4 (M.D. Pa. March 9, 2022) (finding that plaintiff conceded a motion to dismiss argument by failing to respond to it in briefing).

accommodate claim cannot be based on an accommodation a plaintiff did not request or receive. *LaGatta v. Pa. Cyber Charter Sch.,* 726 F.Supp.2d 578, 588-89 (W.D. Pa. 2020) (school cannot be liable for failure to accommodate when the accommodation was never requested).[6] Accordingly, there is no basis for a failure-to-accommodate claim.

In recognition of the invalidity of her failure-to-accommodate claim, for the first time in opposition, Plaintiff makes a passing mention that when she "tried to enroll for the third-year and obtain financing, she was shut out by the law school in retaliation for her complaints about failure to receive reasonable accommodations." *See* ECF No. 34, at p. 3. This argument should not be considered as the Third Circuit has held that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss…" *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988). *See also Sounders v. Bank of Am.,* Civil Action No. 1:CV-12-1074, 2012 WL 7009007, *9 (M.D. Pa. Dec. 6, 2012) ("…we

---

[6] While not germane to whether Plaintiff has stated a claim in the first instance, PSU wishes to correct a misstatement in Plaintiff's opposition. Plaintiff incorrectly states that she "was required to take her examination on campus" and "the examination in question was a paper given by Professor Gould." *See* ECF No. 34, at p. 7. Plaintiff then seemingly (and inexplicably) argues she would not have committed plagiarism in Professor Gould's class had she been allowed to take the "exam involving the paper for Professor Gould" remotely and/or been given extra time to draft it. This is inaccurate. Professor Gould's course did not have a final exam – it had a final paper, which Plaintiff was not required to draft on campus. Plaintiff also never requested additional time to prepare this paper.

will not be addressing the claims… Plaintiff attempted to raise in her briefs and addendums, but had failed to raise in her Complaint."). Nowhere in Plaintiff's Complaint does she allege that she was precluded from registering for courses or applying for loans in Fall 2022 as a result of her complaining about not receiving accommodations in Fall **2021**. *See* ECF No. 1 *generally*. Indeed, at no point does Plaintiff ever allege that she voiced a complaint about not receiving accommodations at all and her retaliation allegations are limited to her First Amendment claim, which, as discussed *infra*, is invalid.[7]

Accordingly, Plaintiff has not stated a valid claim under the ADA and Count II of the Complaint should be dismissed with prejudice.

### C. Plaintiff Has Failed to State a First Amendment Claim as the June 8, 2022 Email Was Not a Retaliatory Act

Plaintiff continues to pretend that Dean Conway's June 2022 letter says something it does not by alleging that it was a retaliatory act barring Plaintiff from speaking "to anyone" when, in fact, it was (at most) a *de minimis* admonishment in response to Plaintiff's misrepresentations. The letter's nature is not, as Plaintiff contends, a fact issue; rather whether or not conduct constitutes a retaliatory act in

---

[7] Of note, a plaintiff asserting an ADA retaliation claim may not recover compensatory damages. *Baker v. PPL Corp.*, Civil Action No. 1:09-CV-0428, 2010 WL 419417 (M.D. Pa. Jan. 29, 2010); and *Greineder v. Masonic Homes of the R.W. Grand Lodge*, Civil Action No. 13-2376, 2014 WL 1632143, *8 (E.D. Pa. April 23, 2014).

the context of a motion to dismiss is a matter of law. *See e.g., Herman v. Hosterman,* Civil Action No. 1:11-cv-898, 2011 WL 4974184, *3 (M.D. Pa. Oct. 19, 2011) (granting motion to dismiss as allegations were *de minimis* and insufficient to support a claim for First Amendment retaliation as a matter of law). Thus, it is appropriate for the Court to determine whether the June 2022 letter was a retaliatory act as a matter of law and dismiss Plaintiff's First Amendment claim.

The June 2022 letter contains a simple directive to Plaintiff – cease informing PSU employees that Plaintiff's scholarship was revoked due to an administrative mistake as this is inaccurate. *See* ECF No. 1, at Ex. B. It does not – as Plaintiff contends - instruct Plaintiff to stop speaking with PSU employees nor does it instruct PSU employees to not speak with Plaintiff.[8] As a matter of law, this is not a retaliatory act and, therefore, cannot form the basis of a claim. *See Revell v. City of Jersey City*, 394 Fed. Appx. 903 (3d Cir. 2010) (unpublished and attached hereto as Exhibit A) (admonishment to cease letter writing campaign was not retaliatory act).

---

[8] For this Court's information, since the filing of the Motion to Dismiss, Plaintiff began emailing individuals in PSU's Office of Admissions and Financial Aid about applying for loans. In these emails, Plaintiff falsely asserts that she was emailing the Office since February 2022 to inquire about loans and was ignored. Obviously, this is an effort to manufacture evidence that Plaintiff was "shut out" by Dickinson Law in order to oppose the dismissal of her claims. In any event, even if Plaintiff's allegations were true (which they are not), a First Amendment claim lies when the plaintiff is deterred from speaking *not* when others refuse to speak with the plaintiff.

9

Accordingly, Plaintiff has failed to state a claim for a First Amendment violation and Count III should be dismissed.

### D. Discovery into Irrelevant Issues Will Not Save Plaintiff's Claims and Leave to Amend Should Be Denied as Futile

At the end of her brief, Plaintiff argues both that she should be granted leave to amend and permitted to take discovery. In support of the latter request, Plaintiff cites two issues she wishes to investigate:

> …plaintiff has yet to receive a copy of the recording and/or transcript of the proceeding before the honor board. Furthermore, the position of Professor Gould as to why charges were leveled against plaintiff before the honor board is unknown.

*See* ECF No. 34, p. 10.

This argument is without merit. As an initial matter, Plaintiff is in possession of the Honor Code hearing transcript as it was filed on September 9, 2022 as an exhibit to PSU's Opposition to Plaintiff's Motion for a Preliminary Injunction. *See* ECF No. 28 Ex. 5. Second, this lawsuit will never involve re-litigation of the Honor Code proceeding or Plaintiff's claims that she did not commit plagiarism. This case involves Plaintiff's allegations of a deprivation of due process and violations of the ADA and the First Amendment. Investigation into Professor Gould's thought process and the sufficiency of the charges against Plaintiff are not part of this lawsuit.

As to Plaintiff's request to amend, it is well-settled that "a district court must permit a curative amendment, unless an amendment would be inequitable or futile."

*See Philips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); and *Lutz v. Portfolio Recovery Associates, LLC*, No. 21-1656, 2022 WL 4295631, *8 (3d Cir. Sept. 19, 2022). Plaintiff's opposition is 33 pages long, sets forth a host of additional allegations not contained in her Complaint, and ignores key documents that disprove those same allegations. To put it bluntly, Plaintiff has fired her entire complement of ammunition in opposition and this effort – in addition to being largely improper – is still not sufficient to cure the legal invalidity of her claims and, therefore, leave to amend would be futile and should be denied.

## **CONCLUSION**

For all the reasons set forth above, and those set forth in The Pennsylvania State University's Memorandum of Law in Support of its Motion to Dismiss Plaintiff, Trisha Tshudy's Complaint for Failure to State a Claim, this Court should dismiss the Complaint in its entirety and deny leave to amend.

Respectfully submitted,

Dated: October 10, 2022

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Geoffrey F. Sasso*
   Geoffrey F. Sasso (Pa. ID 202936)
   George C. Morrison (Pa. ID 203223)

   Two Liberty Place
   50 S. 16th Street, Suite 3200
   Philadelphia, PA 19102
   P: 215-665-8700
   F: 215-665-8760
   geoffrey.sasso@bipc.com
   george.morrison@bipc.com

*Attorneys for Defendant, The Pennsylvania State University*

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2022, a true and correct copy of the Defendant, The Pennsylvania State University's Reply Brief in further support of its Motion to Dismiss Plaintiff, Trisha Tshudy's Complaint was filed by the Court's Electronic Case Filing System and is available for viewing and downloading from the ECF system. The below was served via ECF:

William C. Reil, Esquire
Law Offices of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102
*Attorney for Plaintiff, Trisha Tshudy*

/s/ Geoffrey S. Sasso
Geoffrey F. Sasso, Esquire
*Attorney for Defendant,*
*The Pennsylvania State University*