

**Geoffrey F. Sasso**
215 665 3918 / 609 987 5750
geoffrey.sasso@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
T 215 665 8700
F 215 665 8760

November 9, 2022

**VIA ECF**

Chief Judge Matthew W. Brann
The United States District Court for the Middle District of Pennsylvania
Herman T. Schneebeli Federal Bldg. & U.S. Courthouse
240 West Third Street, Suite 218
Williamsport, PA 17701

Re: **Trisha Tshudy v. The Pennsylvania State University**
     **Civil Action No.: 4:22-cv-01431**

Dear Judge Brann:

We represent Defendant, The Pennsylvania State University ("Penn State"). We are in receipt of a November 8, 2022, correspondence to Your Honor from Plaintiff's counsel requesting a settlement conference. Please accept this letter as Penn State's response.

Before addressing Plaintiff's request for a settlement conference, we note several misstatements contained in counsel's letter. First, Penn State has not "terminated" Plaintiff's medical insurance. Plaintiff raised this issue in October, and we informed counsel that Plaintiff purchased a non-renewable, one-year-term insurance plan in 2021 that ran from August 13, 2021, through August 12, 2022. Prior to enrolling in this plan and during the online application process, Plaintiff was advised that she must be enrolled in at least 6 credit hours to be eligible for coverage. Plaintiff's completed application certified that she met these requirements and the plan certificate provided to her again set forth this requirement. Because Plaintiff was not enrolled in any courses for the Fall 2022 semester, the plan terminated by its terms on August 12, 2022. Attached as **Exhibit A** is copy of the October 13, 2022, letter to Plaintiff's counsel addressing the insurance matter. Plaintiff's counsel did not respond to our letter.

Second, Plaintiff and her counsel continue to claim that Plaintiff was "barred" from communicating with Penn State personnel regarding financial aid. There is no truth to this statement. By way of background, in February 2022, Dean Danielle M. Conway of Penn State Dickinson Law ("Dickinson Law") advised Plaintiff of the revocation of her scholarship and also informed her that "[s]hould you need to borrow loans to cover this balance or any future balance in subsequent semesters, please contact Rebecca Schreiber, Director of Admissions & Financial

Aid, at rms822@psu.edu." At the time, Plaintiff had a tuition balance for the Spring 2022 semester that needed to be satisfied before Plaintiff could register for courses for the Fall 2022 semester.

Plaintiff did not contact Ms. Schreiber as suggested and, instead, began calling employees of various Penn State departments, claiming that her scholarship was revoked in error, and asking for it to be reinstated. When this conduct was discovered, Dickinson Law advised Plaintiff to cease making inaccurate statements about the reason why her scholarship was revoked. See Doc. 1 at Exhibit A. At no time was Plaintiff told not to speak with Penn State employees nor was any Penn State employee instructed not to speak with Plaintiff.

As to Plaintiff's request for a settlement conference, while Penn State will, of course, attend a conference if ordered, Penn State questions its value. On several occasions, Plaintiff's counsel has advised that Plaintiff only seeks re-enrollment and assistance with the financial aid process. In late September, the undersigned informed counsel that Plaintiff is a matriculated student but cannot register for classes due to her outstanding tuition balance. Counsel was also reminded that Plaintiff was told months ago to contact Rebecca Schreiber of Admissions & Financial Aid to discuss the private loan options available to satisfy this balance, however, Plaintiff never did so.

We understand that Plaintiff recently contacted Ms. Schreiber for the first time to inquire about the private loan process.[1] Ms. Schreiber has answered all of Plaintiff's questions regarding the private loan process and offered to assist with additional questions. As has been the case for several weeks, the *onus* is on Plaintiff to begin the private loan application process and satisfy her tuition balance.

Simply put, Plaintiff could have explored possible resolution of her issues (i.e., insurance, registration, and tuition balance) by starting the private loan application process in February as suggested. After waiting ten months to do so, it appears Plaintiff is now putting things in motion and there is nothing more to discuss at a settlement conference.

Should anything further be required on these issues, it will be provided immediately.

                                          Respectfully submitted,

                                          */s/ Geoffrey F. Sasso*

                                          Geoffrey F. Sasso

GFS/cm
cc:     William C. Reil, Esquire (via ECF)

---

[1] Of note, these conversations began with Plaintiff accusing Ms. Schreiber of "discrimination" and unresponsiveness, neither of which were true. This prompted the undersigned to write to counsel and request that he direct his client to cease this conduct. Attached as **Exhibit B** is copy of an October 12, 2022, letter to Plaintiff's counsel on this issue.

# EXHIBIT A



**Geoffrey F. Sasso**
215-665-3918
geoffrey.sasso@bipc.com

Two Liberty Place, Suite 3200
50 S. 16th Street
Philadelphia, PA 19102-2555

T 215-665-8700
F 215-665-8760

www.buchananingersoll.com

October 13, 2022

**Via Electronic Mail**

William C. Reil, Esquire
The Law Office of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102

Re: Trisha Tshudy v. The Pennsylvania State University
Case No. 2:22-cv-03336

Dear Mr. Reil:

We are in receipt of your letter of October 7, 2022. Please accept this letter in response.

Students enrolled at Penn State Dickinson Law ("Dickinson Law") have the opportunity to purchase a Student Injury and Sickness Insurance Plan on an annual or semester-long basis. The plan is a non-renewable, one-year term policy. For the 2021/2022 academic year, the plan period was August 13, 2021 through August 12, 2022.

In order to be eligible for this coverage, Dickinson Law students must take at least 6 credit hours. This eligibility requirement is set forth in the plan's brochure, which states, in part, as follows:

> **Who is eligible to enroll?**
> All international students (F-1 and J-1 visa holders) and all College of Medicine Students are automatically enrolled in this insurance Plan at registration and the premium for coverage is added to their tuition billing unless proof of comparable coverage is furnished.
>
> All graduates taking 4 or more credit hours that are non-graduate assistant/graduate fellow students, law students taking 6 or more credits hours, students enrolled in a departmental 600, 601, 610 or 611, all Graduate Assistants, Graduate Fellows and Graduate Trainees, and students who participate in a Co-Op Work Experience program as part of their required academic program, who are enrolled at The Pennsylvania State University, and visiting scholars, are eligible to enroll in this insurance plan on a voluntary basis.
>
> Students must actively attend classes for at least the first 31 days after the date for which coverage is purchased. Home study, correspondence and online courses do not fulfill the eligibility requirements that the student actively attend classes.

A duplicate copy of this brochure is attached for your reference.

During the online enrollment process, applicants are required to check a box stating "I have read all applicable plan documents." At the conclusion of this process, the online program also notifies students that "By signing, the student acknowledges…He/She has carefully read the brochure…declares that He/She meets the eligibility requirements for this coverage as described in the brochure."

In addition, at the time of enrollment, applicants receive a copy of the plan certificate, which states as follows:

### Section 1: Who Is Covered

The Master Policy covers students and their eligible Dependents who have met the Policy's eligibility requirements (as shown below) and who:

1. Are properly enrolled in the plan, and
2. Pay the required premium.

All graduates taking 4 or more credit hours that are non-graduate assistant/graduate fellow students, law students taking 6 or more credits hours, students enrolled in a departmental 600, 601, 610 or 611, all Graduate Assistants, Graduate Fellows and Graduate Trainees, and students who participate in a Co-Op Work Experience program as part of their required academic program, who are enrolled at The Pennsylvania State University, and visiting scholars, are eligible to enroll in this insurance plan on a voluntary basis.

Your letter does not specify when your client went to her physician other than to note that it was "recently." In the event this visit took place after August 12, 2022, your client's plan was not in effect as the plan terminated by its terms. Moreover, the plan could not be renewed for the 2022/2023 academic year because your client is not enrolled in at least 6 credit hours and, therefore, is not eligible for coverage. Because these eligibility requirements and the plan term were made known to your client on multiple occasions, there is no conceivable basis for any claim arising from these facts and should one be asserted, we would consider it frivolous.

Respectfully submitted,

/s/ Geoffrey F. Sasso

Geoffrey F. Sasso

GFS/jw

# EXHIBIT B



**Geoffrey F. Sasso**
215-665-3918
geoffrey.sasso@bipc.com

Two Liberty Place, Suite 3200
50 S. 16th Street
Philadelphia, PA 19102-2555

T 215-665-8700
F 215-665-8760

www.buchananingersoll.com

October 12, 2022

**Via Electronic Mail**

William C. Reil, Esquire
The Law Office of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102

      Re:    **Trisha Tshudy v. The Pennsylvania State University**
              **Case No. 2:22-cv-03336**

Dear Mr. Reil:

      We represent Defendant, The Pennsylvania State University ("Penn State"), in the above-referenced matter.

      As you are aware, in February 2022, Dean Danielle M. Conway of Penn State Dickinson Law advised your client, Trisha Tshudy, of the revocation of her scholarship and also informed her that "[s]hould you need to borrow loans to cover this balance or any future balance in subsequent semesters, please contact Rebecca Schreiber, Director of Admissions & Financial Aid, at rms822@psu.edu."

      We have learned that, on September 20, 2022, your client emailed Ms. Schreiber and accused her of failing to respond to her past "phone calls, messages, and emails..." In response, Ms. Schreiber advised your client that the September 20th email was the first and only communication from her and she invited your client to provide copies of prior communications – which your client was unable to do. In her responsive email – and again on September 27th – Ms. Schreiber also provided your client with instructions for the private loan process and answered all of your client's questions. Since that date, your client has ceased asking Ms. Schreiber questions about the private loan process and has resorted to accusing Ms. Schreiber of "discrimination" and unresponsiveness.

      As reflected in our opposition to your still-pending Motion for a Preliminary Injunction, Penn State possesses documentation of all of your client's calls to the Office of Admissions & Financial Aid from April 2022 to the present. At no point did your client inquire about the student

loan process and your client has **never** attempted to contact Ms. Schreiber directly. To the contrary, your client repeatedly sought to have her scholarship reinstated by misrepresenting to members of this office that it had been revoked in error – a statement your client is aware was not true.

We again reiterate that Penn State is ready, willing, and able to assist your client with the student loan process. Penn State is, however, not interested in erroneous accusations of misconduct. Please direct your client to cease this conduct.

Our understanding is that all of your client's questions about the loan process were answered last month and the matter is now in her hands. Should your client have additional questions about this process, Penn State remains willing to provide assistance. However, should your client persists in her course of misconduct, then I will direct Penn State to cease such communications with your client.

Be guided accordingly.

Respectfully submitted,

/s/ *Geoffrey F. Sasso*

Geoffrey F. Sasso

GFS/jw