

Geoffrey F. Sasso
215 665 3918 / 609 987 5750
geoffrey.sasso@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
T 215 665 8700
F 215 665 8760

November 17, 2022

**VIA ECF**

Chief Judge Matthew W. Brann
The United States District Court for the Middle District of Pennsylvania
Herman T. Schneebeli Federal Bldg. & U.S. Courthouse
240 West Third Street, Suite 218
Williamsport, PA 17701

Re:     **Trisha Tshudy v. The Pennsylvania State University**
        **Civil Action No.: 4:22-cv-01431**

Dear Judge Brann:

We represent Defendant, The Pennsylvania State University ("Penn State"). We are in receipt of a November 14, 2022, correspondence to Your Honor from Plaintiff's counsel. Please accept this letter as Penn State's response.

There is no "disagreement" among the parties as there is nothing about which to "disagree." Plaintiff was not discharged from Dickinson Law – she merely failed to pay her tuition. In February 2022, Penn State Dickinson Law ("Dickinson Law") advised Plaintiff of an outstanding tuition balance and gave her information about how to start the process of applying for a private loan. Plaintiff chose not to explore this option and, upon learning that her outstanding balance impacted her ability to register for classes, filed disability discrimination and constitutional claims against Penn State. *See* Doc. 1.

Recently, Plaintiff's counsel represented that – notwithstanding the claims in the Complaint - all Plaintiff now seeks is information on the private loan process. Even though this information was provided to Plaintiff eight (8) months ago, Penn State has continued to be in contact with Plaintiff over the past two (2) months and answered all her questions about this process. It is, therefore, baffling as to why Plaintiff wants a settlement conference to further discuss this issue, and it is even more baffling as to why her counsel continues to make repeated (and groundless) allegations of wrongdoing that do not relate to the private loan process or Plaintiff's claims.

In short, the *onus* is and has been for some time on Plaintiff to take the next step in the private loan process and a conference is not necessary to further discuss this process.  It will be a

waste of the Court's and the parties' time to hold a conference to again explain what Plaintiff has already been told multiple times. Accordingly, Penn State opposes Plaintiff's request for a conference.

      Should anything further be required on these issues, it will be provided immediately.

      Respectfully submitted,

      */s/ Geoffrey F. Sasso*

      Geoffrey F. Sasso

GFS/cm
cc:    William C. Reil, Esquire (via ECF)