LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102

| | | |
|---|---|---|
| 215-564-1635 | | ATTORNEY FOR PLAINTIFF |
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE MIDDLE |
| Annville, PA  17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | NO. 4:22-cv-01431-MWB |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT - CIVIL ACTION

### PARTIES

1.    The plaintiff is Trisha Tshudy, who is an adult individual residing at the address in the caption.

2.    The defendant is Pennsylvania State University ("Penn State"), a state-related educational entity of the Commonwealth of Pennsylvania, whose address for service of process is indicated in the caption.

### JURISDICTION, VENUE AND CASE STATUS

3.    The Court has jurisdiction under the Due Process clause of the United States Constitution and the Civil Rights Act, 42 U.S.C. 1983, with pendent jurisdiction to consider any claims arising under state law.

4.    Venue is properly before the Court, since defendant is located and conducts business in the Middle District of Pennsylvania.

5.    The Honorable Matthew W. Brann issued Orders and Memorandum Opinions on November 18, 2022 dismissing Plaintiff's motion for injunction and granting

defendant's motion to dismiss the complaint, but allowing an amended complaint, as indicated in the Court's Order, to be filed by 11/28/22.

## GENERAL ALLEGATIONS

6.    Plaintiff is a law student at the Dickinson Law School of the Pennsylvania State University.

7.   At all times material herein, plaintiff was scheduled to begin her third and last year at Dickinson Law School, which commenced August 22, 2022.

8.   Plaintiff had suffered from Neurological Lyme Disease (cerebral borreliosis) and co-infections, immunological conditions, for years prior to her diagnosis in 2009 and has received aggressive treatment since.

9.   Ms. Tshudy received a scholarship to the Dickinson Law School in 2019 which was implemented in Fall of 2020.

10.  At all times material herein, plaintiff received accommodations from Penn State, based on submitted medical data and her previous history of accommodations, which were essential to the completion of her undergraduate degree and were implemented for the three semesters during COVID that included the potentially life-saving precaution of taking her courses online due to her immunological condition in the wake and uncertainty of the pandemic.

11.  Prior to the Fall 2021 semester, the plaintiff again received the same accommodations granted to her the previous two semesters as well as a letter from Dean of Student Services Jeffrey Dodge affirming that, based on her medical documentation, her remote adjustment would remain in effect for the entire semester and would only be reassessed in the Spring 2022 semester.  Plaintiff was informed this was an additional step of protection to ensure her accommodations would not be affected by the regular student body returning to on-campus attendance.

12.   At the end of the Fall 2021 semester, Penn State University discriminated against the plaintiff, violating her rights under the ADA ("Americans with Disabilities Act"), when the school refused to honor the agreed-upon accommodations and required/coerced her under threat of failure and loss of scholarship to come to the campus for her online exams despite the threat to her health.  This was not only a divergence from the University's action for the first two semesters under the same accommodations, but in direct contradiction to the additional remote adjustment approval documentation, which she received specifically to assure her of the University's commitment to those protections that semester.

13.   The reasoning provided by Dean Jeffrey Dodge and Julie Cullings was not lack of accommodation, but because the settings on the testing software (Exam4) were currently set to require the test to be taken while connected to campus wifi. Plaintiff's request for the software setting to be changed, another test with a different setting to be created, for her to take the test from her vehicle or a specific pathogen-free (SPF) location, or to enter into the "Interactive Process" in accordance with the requirements of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973, Section 504, which requires the University to attempt to negotiate a reasonable alternative accommodation, were all denied.

14.   This act of discrimination and breach of agreement caused the plaintiff to overexpose her immune system and resulted in severe illness of which the administration of Dickinson Law School was informed.

15.  After succumbing to illness and with all previous requests for assistance denied, the plaintiff made an in-person request to enter into the "Interactive Process," outlined and required by the ADA and Section 504 to Pam Knowlton, the only University representative present on campus who happened to be informed about the

situation. But again, the plaintiff's requests for the "Interactive Process" and any relief options including, but not limited to, delay of the due date for her seminar paper to adjust for the resulting illness, were all denied.  As such, she was forced to complete all finals and submit a paper while severely ill and while under threat that delayed submission would mean course/semester failure and loss of scholarship.

16.   Throughout this entire time period from when the plaintiff was notified that she had been scheduled to test on campus to the end of the finals period (Nov 30-Dec 17), the University (Dean Jeffrey Dodge, Julie Cullings, Pam Knowlton) refused to enter into the required "Interactive Process" to attempt to negotiate any reasonable alternative accommodation nor even consider any option of potential relief mentioned by the plaintiff. Every attempt by the plaintiff to obtain assistance was denied.

17.   Plaintiff was accused of a violation of the honor code, essentially plagiarism, when she was forced to submit said paper while extremely ill to Adjunct Professor James M. Gould.  She received a grade of "F" for his course and plaintiff is requesting rescission of that grade.

18.  Professor Gould never communicated with plaintiff before he made allegations of plagiarism.

19.  Plaintiff had a hearing on or about January 14, 2022 at which Penn State found against her and her scholarship was revoked.  A month later, immediately after inquiring about her affirmative action rights but without any prior notice, her scholarship was retroactively revoked with threat that delayed payment can lead to permanent dismissal from the law school. A true and correct copy of the letter from Dean Danielle M. Conway on February 16, 2022 revoking the scholarship is attached and incorporated as Exhibit A.

20.   After inquiring with the Law School administration about her rights, Plaintiff's repeated attempts to contact the Financial Aid office to explore temporary payment options as recommended in the letter went unanswered.  Plaintiff then inquired of the Office of Delinquent Accounts and the Bursar's Office about the same information and was told by both that her scholarship revocation MUST be a mistake because it could not be revoked at that time and Dickinson had not followed proper procedures.

21.   Plaintiff was then instructed by Dean Conway not to speak to anyone about the information that she received from the Bursar's Office and advised others not to speak with her until the University's internal Affirmative Action Office conducted their investigation. As such, the plaintiff was further discriminated against by refusing to communicate with her based on the ongoing exercise of her rights.

22.   At Plaintiff's hearing, she did not have the opportunity to have counsel or expert advice concerning a similarity checker called Turnitin or the previous computer system used by the University, which results substantially diverged from each other.

23.   Plaintiff was denied due process at her honor code hearing.

24.   Penn State violated its own procedures (and possibly state law by revoking the PA Scholars Award) by retroactively confiscating scholarship funds.

25.   Penn State originally submitted plaintiff's paper to a computer similarity checker, and when that result was not to the University's liking, Penn State then submitted the paper in question to a different similarity checker, Turnitin.

26. Plaintiff's disability accommodation by Dickinson was violated, *inter ali*a, because she was required to take her final examinations on campus.

## SUMMARY

27.   The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson.  Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*.  These machines were not used in plaintiff's other courses.

28.   Dickinson discriminated against the plaintiff by violating her right to accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized, and on which the plaintiff detrimentally relied. The plaintiff reasonably expected the University to honor these same accommodations in the same way they had the first two semesters.  The letter from Dean of Student Services provided additional reassurance of the accommodation that was then revoked, forcing the Plaintiff to take her online open-book, open-note final exams on campus when such action was deleterious to her health.

29.   The University (Jeffrey Dodge and Julie Cullings) claimed "undue burden" but, along with Pam Knowlton, refused to enter into the "Interactive Process" required by the ADA and Section 504.

30.   When plaintiff learned from the Office of Delinquent Accounts and Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated.  She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her while the school underwent their internal affirmative action review process.  Defendant retaliated and discriminated against plaintiff arising out of  the exercise of her rights as a disabled person under the ADA. The effectual refusal to allow financial services to

communicate with the Plaintiff until the completion of the affirmative action review is

illegal retaliation.

**FIRST CAUSE OF ACTION**
**TRISHA TSHUDY v. ALL DEFENDANTS**

31.   Plaintiff incorporates all prior paragraphs as though fully set forth herein.

32.   At all times material herein, Trisha Tshudy suffered from a serious

immunological disease which placed her in the high risk/life threatening population

during the COVID pandemic.

33. Ms. Tshudy was granted remote enrollment for the Fall 2020, Spring 2020, and

Fall 2021 semesters as a disability accommodation from Penn State.

34. Ms. Tshudy relied on the representations of Penn State to her detriment.

35. Penn State discriminated against Ms. Tshudy by forcing her take her Fall 2021

examinations on campus to the detriment of her health.

36.   Penn State violated its promises to Ms. Tshudy and obligations under the

University disability procedures and the Americans with Disability Act.  Plaintiff relied

on these promises to her detriment.

37.   Ms. Tshudy was advised by the Office of Delinquent Accounts and also the

Bursar's Office that her scholarship MUST have been accidentally revoked because it

cannot be retroactively revoked once credited to the account, and the Law School and

University had not followed their own process, and defendant acted without the

certification required by their own policy.

38.  When Ms. Tshudy advised the Law School concerning this, she was told by

Dean Conway that she was forbidden to discuss this with any Penn State employees

until the University concluded its internal affirmative action investigation. This illegal

sanction by Dean Conway is inextricably bound with Dickinson's retaliation against plaintiff for exercise of her rights under the ADA.   A true and correct copy of the June 7, 2022 letter of Dean Conway is attached and incorporated as Exhibit B.

39.   Undersigned counsel's letter of representation of August 9, 2022 to Penn State is attached and incorporated as Exhibit C.  In that letter, the efforts of defendant to violate plaintiff's rights under the ADA, and to retaliate against her for the exercise of those rights are described.

40.   Because of her Lyme disease and attendant life-threatening immunological problems, Ms. Tshudy was required to limit contact with other persons and areas where people congregate.

41.   The Dickinson Law School recognized this when, based on plaintiff's medical information, it issued accommodations for remote enrollment for Fall Semester, 2020, Spring Semester, 2021 and Fall Semester, 2021.  Ms. Tshudy also took her final examinations remotely during these semesters.  The aforementioned documents are attached and incorporated as Exhibits D, E and F.

42.   Defendant declared by fiat that Ms. Tshudy return to campus shortly before her final semester examinations.

43.   Such unilateral action by Penn State violated plaintiff's rights under the ADA (42 USC 1201, *et seq*.) and the Pennsylvania Human Relations Act (43 P.S. 951, *et seq.)* and ultimately caused defendant to attempt to terminate the relationship with Ms. Tshudy through the following:

> (a)      failing to offer plaintiff reasonable accommodations concerning the medical issue of her return to campus;

> (b)      failing to interact or discuss with Ms. Tshudy her medical needs, after being approved by Penn State for complete remote learning for these semesters;

(c)      failing to assert that it was an undue burden to continue to allow plaintiff medically necessary remote learning;

(d)      interfering with plaintiff's ability to obtain financing and registration for her third year of law school which prohibited her attendance;

(e)      falsely indicating that it was plaintiff's fault that she was unable to register for her third year at Dickinson Law School.

44.  Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity.  Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.  Plaintiff also requests damages for her attorney fees and costs incurred in prosecuting this action, as well as punitive damages for defendant's intentional and/or reckless conduct.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

Respectfully submitted,
/s/ William C. Reil
William C. Reil, Esquire
*Attorney for Plaintiff*
Law Offices of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102
billreillaw@gmail.com
11/27/22

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

_____ Regular First Class Mail

_____ Facsimile

_____ Certified Mail

_____ Hand-Delivered

_____X_____ Electronic Filing

_____ Email

/s/ William C. Reil
William C. Reil, Esquire
*Attorney for Plaintiff*
Law Offices of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102
billreillaw@gmail.com
11/27/22

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"



**PennState**
**Dickinson Law**

**Danielle M. Conway**
Dean and Donald J. Farage Professor of Law
Dickinson Law
The Pennsylvania State University
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

717-240-5208
dzc5647@psu.edu
dickinsonlaw.psu.edu

February 16, 2022


Ms. Trisha Tshudy
762 Palmyra Bellegrove Road
Annville, PA  17003

Dear Ms. Tshudy:

When you were admitted to Penn State Dickinson Law, you were awarded a full-tuition scholarship. Your acceptance letter stated that your scholarship would be renewed provided that you remained in good standing under both the Academic Rules and the Honor Code. As well, Dickinson Law's policy regarding scholarship retention is stated on the Law School's website: https://dickinsonlaw.psu.edu/grants-and-scholarships.

As a result of your Honor Code violation, your scholarship will be revoked for the current semester and for the 2022-2023 academic year. Your balance due to the University for the current semester will be $26,688 in the absence of your scholarship credit. You will see this change reflected in your student account as soon as the Bursar's office processes your scholarship revocation. Should you need to borrow loans to cover this balance or any future balance in subsequent semesters, please contact Rebecca Schreiber, Director of Admissions & Financial Aid, at rms822@psu.edu. Please note that Dickinson Law will not retroactively revoke the scholarship that you received for the three prior semesters during which you were enrolled.

Sincerely,

Danielle M. Conway
Dean and Donald J. Farage Professor of Law

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

**From:** Conway, Danielle M <DanielleConwayDickinsonLaw@psu.edu>
**Sent:** Tuesday, June 7, 2022 7:58 PM
**To:** Tshudy, Trisha R <trt5096@psu.edu>
**Cc:** Gaudion, Amy C. <acg14@psu.edu>; Saidman-Krauss, Bekah Anna <ras1075@psu.edu>; Schreiber, Rebecca M <rms822@psu.edu>; Orner, Doris Louise <dlo3@psu.edu>; Burd, Jessica Lynn <jlb5055@psu.edu>
**Subject:** RE: Notice of Revocation of Scholarship

Dear Ms. Tshudy,

I have received the notes from the University Bursar about your calls to their office.  I confirmed that you contacted Penn State University Bursar and Student Financial Services on April 6, 2022.  The Bursar's Office confirmed that you communicated to them that your scholarship was "removed in error."  I also confirmed that on April 27, 2022 the Bursar's Office instructed you to contact the Dickinson Law Financial Aid Office.

Again, I direct you to await the decision of the Affirmative Action Office.  Until then, please refrain from communicating to employees of Penn State University and Dickinson Law that there was an administrative mistake regarding the revocation of your scholarship.

Warmest,
Dean Conway

**Danielle M. Conway**
Dean and Donald J. Farage Professor of Law
Dickinson Law
The Pennsylvania State University
127C Lewis Katz Hall
150 S. College Street
Carlisle, PA 17013
717-240-5208

EXHIBIT "C"

EXHIBIT "C"

EXHIBIT "C"

EXHIBIT "C"

EXHIBIT "C"

EXHIBIT "C"

**William C. Reil, Esquire**
**1420 Locust Street, Suite 420, Philadelphia, PA 19102**
**Tel: 215-564-1635 Fax: 215-564-4292**
**BillReilLaw@gmail.com**

August 9, 2022                                        **BY EMAIL and REGULAR MAIL**
                                                       president@psu.edu

Neeli Bendapudi, PhD
Office of the President
Pennsylvania State University
210 Old Main
University Park, PA 16802

      Re:  Trisha Tshudy v. Penn State University, et al
           **Letter of Representation, Request to Speak with Counsel,**
           **Injunctive Relief**

Dear President Bendapudi:

Please be advised that I represent Trisha Tshudy, a student going into her third year at
Penn State University, Dickinson Law School.  Ms. Tshudy was diagnosed with
neurological Lyme disease in 2009.  My client uses a service dog.  She was awarded a
scholarship by the Dickinson Law School in 2020.  She was also given disability
accommodations pursuant to the ADA by the law school after submitting substantial
medical evidence.  I write because my client had her accommodations violated,  her
scholarship revoked, and thus cannot continue at Dickinson Law School.  This
resulted from extremely unfair and illegal treatment by the law school.  I understand
that Dickinson begins classes on August 22, 2022.  It is urged that you independently
investigate this matter to ascertain the truth for yourself.

Penn State not only violated her rights to reasonable accommodations under the ADA,
but also her procedural and substantive due process rights, as well as exercise of the
First Amendment.  Ms. Tshudy received written notice from the law school that she
could not communicate concerning her illegal treatment to other persons at the law
school. It was medically necessary for her to continue remotely with her studies, but
Ms. Tshudy was suddenly told that she had to report to the campus to take her final
exams.  This was in contravention of her medical needs as a result of the
immunological disorder. This action coupled with the refusal of staff to ameliorate the
effects of this breach led to additional harm.  She was then accused of plagiarism in a
proceeding which was in total derogation of due process.  Similarity checkers were
manipulated to give negative results against my client.  She was effectively denied
representation at her hearing.  My client detrimentally relied on the promises of the
law school, which promises were breached.

These episodes severely violated Ms. Tshudy's rights and have effectively terminated her future career as an attorney.  I am in the process of preparing a complaint and requesting injunctive relief.  I would appreciate it if you would refer this letter to your counsel so I can discuss the matter with them as soon as possible.

Sincerely yours,

*William C. Reil*

William C. Reil
WCR/mr

cc:  Trisha Tshudy

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"



Dickinson Law                          717-240-5000
The Pennsylvania State University      dickinsonlaw.psu.edu
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

Date:    August 31, 2020

To:      File of Trisha Tshudy

Re:      Academic Adjustments for **Fall Semester 2020**

## THIS INFORMATION IS CONFIDENTIAL

Trisha Tshudy has a documented disability and is registered with Student Disability Resources (SDR) and disability coordinator at Dickinson Law, Associate Dean Dodge. The student is to receive reasonable academic adjustments according to the Americans with Disabilities Act Amendments Act of 2008 and the Rehabilitation Act of 1973. After collecting the required medical documentation and conducting the interactive process, SDR recommends the following academic adjustments:

**IN-CLASS ACCOMMODATIONS**

- Use of a service dog in classes, exams, and around the building
- Access to recorded class lectures
- Unlimited use of tutoring services
- Allowed to take breaks during class that may require leaving the classroom
- Allowed to eat and drink during class, oral arguments etc., limited only by COVID-19 restrictions
- Enrolling in class remotely for fall 2020
- Law school will assign the earliest sections of first-year required courses each day

**TESTING ACCOMMODATIONS**

- 100% extended time to take exams/quizzes in a private room
- Allowed to take breaks during exams that may require leaving the testing room

Associate Dean Dodge will communicate in-class accommodations to the student's faculty members within 48 hours of completing the process by signing below. To access testing accommodations, students must submit a Testing Accommodation Access Request form at least four business days in advance of each exam, midterm, quiz, or assessment for which the accommodations are needed.

If the student has any questions regarding the process or approved accommodations listed above, please contact Associate Dean Dodge at jad6742@psu.edu or 717-240-5247. Penn State and Dickinson Law are committed to maintaining an accessible and equitable place to obtain an education. In that vein, we always welcome your input and feedback regarding this process.

Student Signature: *Trisha R Tshudy*                              Date: Sep 1, 2020
                    Trisha R Tshudy (Sep 1, 2020 09:20 EDT)

Associate Dean Signature: _____    Date: _____

# EXHIBIT "E"

# EXHIBIT "E"

# EXHIBIT "E"

# EXHIBIT "E"

# EXHIBIT "E"

# EXHIBIT "E"



Dickinson Law                          717-240-5000
The Pennsylvania State University      dickinsonlaw.psu.edu
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

Date:    January 11, 2021

To:      File of Trisha Tshudy

Re:      Academic Adjustments for **Spring Semester 2021**

## THIS INFORMATION IS CONFIDENTIAL

Trisha Tshudy has a documented disability and is registered with Student Disability Resources (SDR) and disability coordinator at Dickinson Law, Associate Dean Dodge.  The student is to receive reasonable academic adjustments according to the Americans with Disabilities Act Amendments Act of 2008 and the Rehabilitation Act of 1973.  After collecting the required medical documentation and conducting the interactive process, SDR recommends the following academic adjustments:

**IN-CLASS ACCOMMODATIONS**

- Use of a service dog in classes, exams, and around the building
- Access to recorded class lectures
- Unlimited use of tutoring services
- Allowed to take breaks during class that may require leaving the classroom
- Allowed to eat and drink during class, oral arguments etc., limited only by COVID-19 restrictions
- Enrolling in class remotely for spring 2021
- Law school will assign the earliest sections of first-year required courses each day

**TESTING ACCOMMODATIONS**

- 100% extended time to take exams/quizzes in a private room
- Allowed to take breaks during exams that may require leaving the testing room

Associate Dean Dodge will communicate in-class accommodations to the student's faculty members within 48 hours of completing the process by signing below. To access testing accommodations, students must submit a <u>Testing Accommodation Access Request form</u> at least four business days in advance of each exam, midterm, quiz, or assessment for which the accommodations are needed.

If the student has any questions regarding the process or approved accommodations listed above, please contact Associate Dean Dodge at <u>jad6742@psu.edu</u> or 717-240-5247. Penn State and Dickinson Law are committed to maintaining an accessible and equitable place to obtain an education. In that vein, we always welcome your input and feedback regarding this process.

Student Signature: _Trisha Tshudy (Jan 11, 2021 16:00 EST)_____     Date: Jan 11, 2021

Associate Dean Signature: _____ _JM Dodge_ _____     Date: 1/11/2021

# EXHIBIT "F"

# EXHIBIT "F"

# EXHIBIT "F"

# EXHIBIT "F"

# EXHIBIT "F"

# EXHIBIT "F"



Dickinson Law                    717-240-5000
The Pennsylvania State University    dickinsonlaw.psu.edu
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

Date:   August 15, 2021

To:     File of Trisha Tshudy

Re:     Academic Adjustments for **Fall Semester 2021**

## THIS INFORMATION IS CONFIDENTIAL

Trisha Tshudy has a documented disability and is registered with Student Disability Resources (SDR) and disability coordinator at Dickinson Law, Associate Dean Dodge.  The student is to receive reasonable academic adjustments according to the Americans with Disabilities Act Amendments Act of 2008 and the Rehabilitation Act of 1973.  After collecting the required medical documentation and conducting the interactive process, SDR recommends the following academic adjustments:

**IN-CLASS ACCOMMODATIONS**

- Use of a service dog in classes, exams, and around the building
- Access to recorded class lectures
- Unlimited use of tutoring services
- Allowed to take breaks during class that may require leaving the classroom
- Allowed to eat and drink during class, oral arguments etc., limited only by COVID-19 restrictions
- Enrolling in class remotely for fall 2021

**TESTING ACCOMMODATIONS**

- 100% extended time to take exams/quizzes in a private room
- Allowed to take breaks during exams that may require leaving the testing room

Associate Dean Dodge will communicate in-class accommodations to the student's faculty members within 48 hours of completing the process by signing below. To access testing accommodations, students must submit a <u>Testing Accommodation Access Request form</u> at least four business days in advance of each exam, midterm, quiz, or assessment for which the accommodations are needed.

If the student has any questions regarding the process or approved accommodations listed above, please contact Associate Dean Dodge at <u>jad6742@psu.edu</u> or 717-240-5247. Penn State and Dickinson Law are committed to maintaining an accessible and equitable place to obtain an education. In that vein, we always welcome your input and feedback regarding this process.

Student Signature:  _Trisha Tshudy (Aug 17, 2021 07:01 MDT)_____   Date:  17-Aug-2021

Associate Dean Signature:  _____   Date:  8/15/2021