## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRISHA TSHUDY,

          Plaintiff,

    v.

PENNSYLVANIA STATE
UNIVERSITY,

          Defendant.

No. 4:22-CV-01431

(Chief Judge Brann)

## MEMORANDUM OPINION AND ORDER

### MARCH 16, 2023

## I.    BACKGROUND

Plaintiff Trisha Tshudy filed her first complaint on August 21, 2022, alleging the following causes of action: (1) violation of her due process rights; (2) violation of the Americans with Disabilities Act ("ADA"); and (3) violation of her First Amendment rights.[1] The Pennsylvania State University ("Penn State") moved to dismiss the complaint on September 14, 2022, and the Court granted that motion on November 18, 2022.[2] Specifically, the Court dismissed Tshudy's due process and First Amendment claims with prejudice; her ADA claim was dismissed without prejudice, thereby giving her leave to plead over.[3]

---

[1]    Doc. 1.

[2]    Docs. 29, 44-45. The Court also denied Tshudy's motion for a preliminary injunction (Doc. 2). *See* Docs. 42-43.

[3]    Doc. 45.

The Court's Order gave Tshudy leave to amend her Complaint within ten days,[4] and she duly filed an Amended Complaint on November 28, 2022.[5] On the same day, she also filed a motion for reconsideration, asking the Court to vacate its Memorandum Opinion and corresponding Order dismissing her due process claim.[6] That motion is now ripe for consideration.[7]

## II.   LAW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[8] A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available; or (3) the need to correct a clear error of law or to prevent manifest injustice."[9] "The standard for granting a motion for reconsideration is a stringent one," and "a mere disagreement with the court does not translate into a clear error of law."[10] "[B]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."[11]

---

[4]   *Id.*

[5]   Doc. 46.

[6]   Doc. 47.

[7]   *Id.*; Doc. 49.

[8]   *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

[9]   *Scicchitano v. Cnty. of Northumberland*, No. 4:15-CV-00852, 2015 U.S. Dist. LEXIS 158956, at *2 (M.D. Pa. Nov. 25, 2015) (quoting *Max's Seafood Café ex rel. Lou-Ann. Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

[10]   *Mpala v. Smith*, No. 3:CV-06-841, 2007 U.S. Dist. LEXIS 2939, at *2 (M.D. Pa. Jan. 16, 2007), *aff'd*, 241 F. App'x 3 (3d Cir. 2007).

[11]   *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.   ANALYSIS

Tshudy's motion and accompanying memorandum of law total less than three full pages; they do not say much. And to the extent Tshudy's arguments have merit, they are rendered moot, as she filed an Amended Complaint.

### A.   The Amended Complaint

An "amended complaint supersedes the original and renders it of no legal effect."[12] Accordingly, courts have consistently denied as moot motions to reconsider orders and opinions relating to complaints that are no longer operative.[13] Tshudy filed an Amended Complaint, which supersedes her original Complaint and therefore makes any pleadings related to the now non-operative original Complaint moot. The Court therefore denies Tshudy's motion.

---

[12]   *Humphries v. Pa. State Univ.*, No. 4:20-cv-00064, 2021 U.S. Dist. LEXIS 182858, at *48 (M.D. Pa. Sept. 24, 2021) (quoting *West Run Student Hous. Assocs. v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).

[13]   *See*, *e.g.*, *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424, 2022 U.S. Dist. LEXIS 137434, at *4-5 (W.D. Wash. Aug. 2, 2022) ("Because Amazon's motion for reconsideration targets the Court's Order concerning Plaintiff's First Amended Complaint (and because Plaintiffs have subsequently filed a Second Amended Complaint and Amazon has in turn filed a motion to dismiss this Second Amended Complaint), Amazon's request for reconsideration must be deemed moot."); *Young v. Becerra*, No. 2:21-cv-03941, 2021 U.S. Dist. LEXIS 170139, at *1-2 (C.D. Cal. June 9, 2021) ("The filing of plaintiff's first amended complaint renders moot reconsideration of the order dismissing her original complaint."); *Sanders v. Matthew*, No. 1:15-cv-395, 2016 U.S. Dist. LEXIS 30323, at *2 (E.D. Cal. Mar. 9, 2016) ("[A]s a result [of the filing of an amended complaint], any pleading directed at Plaintiff's original complaint—including Plaintiff's motion for reconsideration—is moot.").

## B.    Additional Arguments

As the motion is moot, the Court "need not address the merits of [Tshudy's] arguments at this time."[14] But for the sake of completeness, the Court will address them briefly. By way of background, while Tshudy was enrolled at Penn State Dickinson Law, the law school found that she plagiarized on a final paper.[15] The law school confirmed her plagiarism via the use of plagiarism-checking software, including a program called Turnitin.[16] Tshudy alleges that the Court has engaged in a clear error of law by failing (1) to discuss portions of the Complaint where Tshudy stated that her paper was "illegally submitted to Turnitin," and (2) address as a due process violation the allegation that the Tshudy's rights were violated when Penn State used the results from Turnitin rather than another similarity checker.[17] Tshudy also chides the Court for failing to specifically address a cited case.[18]

Penn State argues that the Court's Memorandum Opinion did address Tshudy's allegations that the law school had improperly used Turnitin.[19] Penn State also argues that the case that Tshudy mentioned is not relevant to her claim.[20] The Court agrees with Penn State.

---

[14] *Frame-Wilson*, 2022 U.S. Dist. LEXIS at *4.
[15] Doc. 1 ¶ 15.
[16] *Id*. at ¶ 29.
[17] Doc. 47 at pp. 1-2.
[18] *Id*. at p. 2.
[19] Doc. 49 at pp. 9-10.
[20] *Id*. at p. 9.

In dismissing Tshudy's due process claim with prejudice, I reasoned that: (1) Tshudy's allegations were conclusory and inconsistent; (2) the rights Penn State allegedly violated do not exist under the law; and (3) Tshudy's allegations did not sufficiently rebut the presumption that her disciplinary hearing was conducted impartially.[21] The rights afforded to students within academic disciplinary settings are established by law, and the Court examined and cited that body of law when arriving at its decision.[22] To the extent that the Court can make sense of what Tshudy's motion alleges, it appears that she is arguing that she had a due process right to be free from the "illegal" use of plagiarism software. No such right exists, and—after the appropriate analysis—that was the end of the Court's inquiry.

Alternatively, perhaps Tshudy is under the impression that the Court must analyze the merits of her claim that Penn State somehow used Turnitin improperly. But Tshudy only tangentially referred to these allegations as part of her due process claim.[23] The Court followed the established steps required for analyzing a due process claim, which did not require a substantive review of Tshudy's allegation that Penn State's use of Turnitin was "illegal."[24] Indeed, even if it had, such an analysis would have been impossible due to the incompleteness of the facts alleged, and the absence of any legal support for her argument.

---

[21] Doc. 44 at pp. 5-9.
[22] *Id*. at pp. 6-77, nn. 29-34.
[23] Docc 1 ¶¶ 29-34.
[24] Doc. 44 at pp. 8-9.

Finally, the Court has again reviewed the case Tshudy cited in her motion, *A.V. v. iParadigms, Limited Liability Company*, and finds it unpersuasive and irrelevant to her due process claim—which is to say, that opinion (which was later affirmed in part and reversed in part by the United States Court of Appeals for the Fourth Circuit) does not involve a due process claim.[25] It does not establish the due process right that Tshudy has asserted, nor has Tshudy pointed to any legal authority that has. Tshudy's options are either to significantly bolster these allegations and find an appropriate cause of action, or to move on.

## IV.   ORDER

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Motion for Reconsideration (Doc. 47) is DENIED.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25]   544 F. Supp. 2d 473 (E.D. Va. 2008), *aff'd in part and rev'd in part*, 562 F.3d 630 (4th Cir. 2009).