IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRISHA TSHUDY, | No. 4:22-CV-01431 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA STATE UNIVERSITY, | |
| Defendant. | |

MEMORANDUM OPINION

MARCH 16, 2023

The Court has done its best to understand Plaintiff Trisha Tshudy's allegations, but they are contradictory and difficult to follow. The Court previously dismissed with prejudice two of the claims in Tshudy's original Complaint, and the only claim Tshudy was permitted to replead was her failure-to-accommodate claim brought under the Americans with Disabilities Act ("ADA")—so this is not her first opportunity to advance her claim. In bringing this action, Tshudy makes two conflicting arguments simultaneously—that Pennsylvania State University ("Penn State") granted her an accommodation allowing her to take her Fall 2021 examinations remotely (but then failed to honor it), while also arguing that Penn State never actually promised such an accommodation in the first place and then refused to engage in an "interactive process" with her as required by the ADA.

Neither of these arguments and the facts pleaded to support them overcome the Rule 12(b)(6) standard.

The first argument—and her entire claim—fails because an Exhibit Tshudy attached to her Amended Complaint clearly indicates that Penn State and Tshudy had *previously agreed* that she would take her Fall 2021 examinations on campus. Tshudy's second argument fails because she alleges that when she requested that she take her examinations remotely, Penn State *did* consider her request and reasoned that the specific accommodations Tshudy was requesting (*e.g.*, for Penn State to change its examination software, create a pathogen-free environment, etc.) would impose an undue burden on the law school. Tshudy would therefore be required to take her examinations on campus, but with a number of accommodations in place to assist her. Under the law, a disabled person is not entitled to the specific accommodations she requests, but instead to an interactive process (between the parties) resulting in reasonable accommodations that do not place an undue burden on the accommodating entity. It is clear from Tshudy's alleged facts, then, that Penn State did engage in an interactive process to accommodate Tshudy—just not with the accommodation she desired.

For the reasons set forth below, the Court grants Penn State's Motion and dismisses Tshudy's ADA claim with prejudice.

I.  **BACKGROUND**

In restating and summarizing the facts alleged in the Complaint, the Court notes that it will not consider any facts relating to claims that have already been dismissed with prejudice. These include any and all allegations involving "due process" and the "First Amendment."[1]

A.  **Alleged Facts**[2]

Tshudy attended Penn State Dickinson Law for three semesters: Fall 2020; Spring 2021; and Fall 2021.[3] Prior to enrolling, Tshudy received a scholarship, which was applied to her tuition balance for all three semesters.[4] Tshudy suffers from a documented disability, Neurological Lyme Disease, and received accommodations from Penn State throughout her time there as a student.[5] Tshudy attached the documentation memorializing these accommodations to the Amended

---

[1] *See, e.g.*, Doc. 46 ¶¶ 3, 23, 27, 30.
[2] The facts are set forth here as they have been alleged in the Amended Complaint (Doc. 46). The Court notes that the Amended Complaint includes allegations related to Tshudy's subsequent Honor Code violation (due to plagiarism) and Penn State's revocation of her scholarship. *See Id.* ¶¶ 17-26, 37-39. These allegations were included in her original Complaint as they related to her due process and First Amendment causes of actions. As the Court dismissed those claims with prejudice on November 18, 2022, the only live claim for purposes of Tshudy's Amended Complaint is her ADA claim, which in essence alleges that Penn State failed to accommodate her disability by requiring her to take examinations on campus. Therefore, the Court will not address allegations not pertinent or related to that claim. The Court finds no plausible nexus linking Tshudy's ADA claim to her alleged post-examination illness, her subsequent plagiarism, and Dickinson Law's decision to revoke her scholarship due to that plagiarism. To the extent Tshudy's harm is based on this fantastical chain of events, it is implausible and the Court will not address it further.
[3] *See id.* ¶ 11.
[4] *Id.* ¶ 9.
[5] *Id.* ¶¶ 8, 10.

3

Complaint (the "Accommodation Letters").[6] For all three semesters, the listed accommodations were divided into two categories, (1) "In-Class Accommodations" and (2) "Testing Accommodations."[7]

The testing accommodations were the same for each of the three semesters, and the Accommodation Letters specifically provided that Tshudy would be given "100% extended time to take exams/quizzes in a private room," and would be "[a]llowed to take breaks during exams that may require leaving the testing room."[8] Tshudy's signature appears on each of the Accommodation Letters.[9] As for class attendance, Tshudy attended her classes remotely for all three semesters, and she was informed by the Dean of Student Services that "her remote adjustment would remain in effect for the entire [Fall 2021] semester."[10]

At the end of the Fall 2021 semester, Penn State required Tshudy to come to campus to take her examinations.[11] This was because, according to the Dean of Student Services, the examination software would only work properly when connected to the campus wireless internet.[12] Tshudy proposed various accommodations for her tests, including that Penn State change its examination

---

[6] *Id.*, Exs. D, E, F.
[7] *Id.*
[8] *Id.*
[9] *Id.*, Ex. D (signature dated Sept. 1, 2020), Ex. E (signature dated Jan. 11, 2021), Ex. F (signature dated Aug. 17, 2021).
[10] *Id.* ¶ 10.
[11] *Id.* ¶ 12.
[12] *Id.* ¶ 13.

software or to use "another test with a different setting," for permission to take her examination from her vehicle or a different "pathogen-free" location, or to find a solution via the "interactive process" mandated by the ADA.[13] These requests were denied and Penn State claimed that further accommodation would place an undue burden on the University.[14] After this, Tshudy "overexposed her immune system," resulting in "severe illness."[15] Tshudy alleges the following harms: failure to receive a juris doctor degree; loss of internships; loss of opportunity for further employment; cost of books and other expenses; loss of future earnings and earnings capacity; severe emotional distress; and the loss of life's pleasures.[16] She also seeks attorney fees and punitive damages.[17]

### B. Procedural History

Tshudy filed her original Complaint (the "Original Complaint") in the United States District Court for the Eastern District of Pennsylvania on August 21, 2022, asserting three causes of action: (1) violation of her due process rights; (2) violation of the Americans with Disabilities Act ("ADA"); and (3) violation of her First Amendment rights.[18] The next day, she filed a motion for a preliminary injunction.[19]

---

[13] Id. ¶ 13.
[14] Id. ¶¶ 13, 30.
[15] Id. ¶ 14.
[16] Id. ¶ 44.
[17] Id.
[18] Doc. 1.
[19] Doc. 2.

The matter was transferred to this Court on September 13, 2022;[20] Penn State moved to dismiss the Original Complaint on the following day.[21]

On November 18, 2022, this Court granted Penn State's motion and dismissed Tshudy's due process and First Amendment claims with prejudice.[22] The Court also denied Tshudy's motion for a preliminary injunction.[23] Tshudy was given leave to amend her ADA claim and file a new complaint within ten days, and she timely did so on November 28, 2022.[24] Penn State filed a motion to dismiss the Amended Complaint on December 12, 2022, which has been fully briefed and is ripe for disposition.[25]

## II.  LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following *Bell Atlantic Corp. v. Twombly*[26] and *Ashcroft v. Iqbal*,[27] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[28] In deciding a motion to dismiss, courts within the United States Court of Appeals for the Third

---

[20]  Doc. 24.
[21]  Doc. 29.
[22]  Doc. 45.
[23]  Doc. 43.
[24]  Doc. 46.
[25]  Docs. 50-51, 56-57.
[26]  550 U.S. 544 (2007).
[27]  556 U.S. 662 (2009).
[28]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

6

Circuit must follow three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of all well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief.[29]

## III.  ANALYSIS

As this Court has stated, plaintiffs who allege violations under the ADA "may proceed under any or all of three theories: disparate treatment, disparate impact, and failure to make reasonable accommodation."[30] The Amended Complaint does not specify which theory of liability Tshudy is pursuing, but because the Amended Complaint's language arguably resembles that which is required for a "failure to accommodate" claim, I will again proceed under the assumption that Tshudy intended to bring such a claim. Tshudy has not alleged facts or legal arguments suggesting she is seeking relief under either disparate treatment or disparate impact causes of action.

---

[29]  *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[30]  *Frazier v. Pa. State Univ.*, No. 4:21-cv-00350, 2022 U.S. Dist. LEXIS 89811, at *14 (M.D. Pa. May 18, 2022) (quoting *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48 (2d Cir. 2002)).

The purpose of the ADA is to prevent discrimination of qualified individuals on account of their disability.[31] The ADA requires covered entities to make "reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability, unless the employer [or in this case, university] demonstrated that such accommodations would impose an undue hardship in the operation of their business."[32]

"A Plaintiff bringing an ADA failure-to-accommodate claim must establish (1) [she] was disabled and [her university] knew it; (2) [she] requested an accommodation or assistance; (3) [her university] did not make a good faith effort to assist; and (4) [she] could have been reasonably accommodated."[33] The third prong involves engaging in an "interactive process" with the disabled individual so that the employer or university "will be able to ascertain whether there is in fact a disability and, if so, the extent therefor, and thereafter be able to assist in identifying reasonable accommodations where appropriate."[34]

In the Third Circuit, both the disabled individual and the entity being asked to make an accommodation "have a duty to assist in the search for appropriate

---

[31] *See Vogl v. Homeland at Home & Homeland Ctr.*, No. 1:19-cv-00924, 2022 U.S. Dist. LEXIS 156105, at *21-22 (M.D. Pa. Aug. 30, 2022) (quoting *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 512 (E.D. Pa. 2012) (citing 42 U.S.C. § 12112(a))).
[32] *See id.* (internal citations and quotations omitted).
[33] *Capps. v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006) (internal quotations omitted)).
[34] *See Philmon v. Lincoln Univ*, No. 2:21-cv-01368, 2023 U.S. Dist. LEXIS 9095, at *14 n.19 (E.D. Pa. Jan. 19, 2023) (internal quotations and citations omitted).

reasonable accommodation and to act in good faith."[35] A defendant claiming that they cannot provide the accommodation due to an "undue hardship" must demonstrate that "significant difficulty or expense" would result from the provision of the accommodation."[36] The United States Court of Appeals for the Sixth Circuit has noted that "an employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided"[37]—indeed, "the employer providing the accommodation has the ultimate discretion to choose between effective accommodations, and may choose the less expensive accommodation or the accommodation that is easier for it to provide."[38]

As delineated above, it appears that Tshudy is making two contradictory arguments at the same time. Her first argument is that Penn State agreed to let her take her examinations remotely, but then went back on its word and required her to take her Fall 2021 tests on campus.[39] Tshudy's second argument is that she was aware that she had to be on campus for exams, but she asked for an accommodation that would allow her to take exams remotely instead—and the University failed to

---

[35] *See id.*
[36] *Bisker v. GGS Information Servs., Inc.*, No. 1:07-cv-1465, 2010 U.S. Dist. LEXIS 53879, at *2 (M.D. Pa. June 2, 2010) (quoting *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 670 (3d Cir. 1999)).
[37] *Hankins v. Gap, Inc.*, 84 F.3d 797, 800-01 (6th Cir. 1996).
[38] 29 C.F.R. Pt. 1630, App. § 1630.9(a).
[39] *See, e.g.*, Doc. 46 ¶ 36 ("Penn State violated its promises to Ms. Tshudy[.]"

provide such an accommodation.[40] Tshudy repeatedly argues that Penn State refused to engage in an "interactive process" with her.[41]

Penn State argues that the Amended Complaint has failed to sufficiently demonstrate that its alleged failure to allow Tshudy to take her exams remotely had an adverse effect on her education.[42] Penn State also contends that Tshudy has not alleged that Penn State ever promised her she could take her exams remotely.[43]

Considering Tshudy's first argument, if Tshudy is contending that Penn State broke its promise to allow her to take exams remotely, that assertion is directly contradicted by the Accommodation Letter for the Fall 2021 semester, which Tshudy appended to her Amended Complaint.[44] This Accommodation Letter clearly implies that Tshudy was expected to take her examinations on campus "in a private room" where she would be given additional accommodations including extra time and an allowance to take breaks.[45] This document renders implausible all of Tshudy's arguments that Penn State ever promised her she could take her examinations remotely. The Court's analysis could end here.

---

[40] *See id.*, Exs. D, E, F (Tshudy's signature on the Accommodation Letters, which make clear that she would be expected to take exams on campus) and ¶ 13 (Describing that Tshudy's subsequent requests to take her examinations remotely were denied).
[41] *Id.* ¶ 14-16, 29.
[42] Doc. 51 at pp.10-12.
[43] Doc. 46 ¶¶ 12-15.
[44] *See id.*, Exs. D, E, F.
[45] *Id.*, Ex. F.

Nevertheless, for the sake of completeness, the Court considers Tshudy's second argument that Penn State improperly denied her subsequent requests for accommodations that would have allowed her to take her examinations remotely. The Court will consider this argument under the elements for a failure-to-accommodate claim. First, Tshudy has sufficiently plead that she suffers from a disability, and the Accomodation Letters demonstrate that Penn State was aware of this fact. Therefore, the Amended Complaint's allegations satisfy the first element. As for the second element, Tshudy alleges that she requested that Dickinson Law change its examination software, create "another test with a different setting," or allow her to take her examination from her vehicle or a pathogen-free environment.[46] Therefore, the Amended Complaint's allegations also satisfy the second element.

Elements three and four are where Tshudy's allegations go wrong. As to the third element, the Amended Complaint fails to sufficiently plead facts demonstrating that Penn State did not make a good faith effort to assist Tshudy or engage in an interactive process with her. Specifically, Tshudy alleges that "[t]he reasoning provided by [Penn State] was . . . because the settings on the testing software (Exam4) were currently set to require the test to be taken while connected to campus wifi."[47] Later, the Amended Complaint states that "[Penn State] claimed 'undue

---

[46] *Id.* ¶ 13.
[47] *Id.*

11

burden[,]'" presumably when it provided the "reasoning" for why it denied Tshudy's requests.[48]

These allegations do not plausibly plead facts demonstrating that Penn State acted in bad faith or failed to engage in an interactive process to accommodate Tshudy. According to the Amended Complaint, Penn State provided Tshudy with "reasoning" explaining why it could not accommodate her, and that reasoning included an assertion that changing the University's software, creating a new test, allowing a student to take a test in a car (that would likely need to be equipped with the proper technological capabilities), or creating a pathogen-free environment to Tshudy's particular standards would place an undue burden on the law school.[49] The facts Tshudy alleges indicate that Penn State did indeed engage in an interactive process with her.[50] Therefore, the Amended Complaint's allegations fail to satisfy the third element.

Along those same lines—based on Tshudy's allegations—it is not clear whether she could have been reasonably accommodated in order to satisfy the fourth

---

[48] *Id.* ¶ 29.
[49] *See Id.* ¶¶ 13, 29.
[50] *See Whelan v. Teledyne Metalworking Prods.*, 226 F. App'x 141, 147 (3d Cir. 2007) (finding that ample evidence existed demonstrating that employer communicated with employee in good faith and tried to accommodate employee); *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318 (3d Cir. 2003) (finding that employer bank made good faith effort to engage in interactive process with employee who demonstrated excessive tardiness; the breakdown of the interactive process was due to the plaintiff employee's conduct); *Bair v. Citizens Bank of Pa.*, No. 4:13-cv-02866, 2015 U.S. Dist. LEXIS 148888, at *40-41 (M.D. Pa. Sept. 21, 2015) (finding that defendant employer made good faith efforts to engage in interactive process and plaintiff employee failed to meaningfully participate), *adopted by* 2015 U.S. Dist. LEXIS 147966 (M.D. Pa. Nov. 2, 2015).

element, insofar as the only accommodations she seemed willing to accept required her to be off-campus for the exams. In other words, even if Tshudy is correct that Penn State somehow did not engage in an interactive process, she has still failed to plead that a reasonable accommodation was possible.[51] Given that the Accommodation Letters indicate that Penn State and Tshudy had *already agreed* to on-campus test-taking accommodations prior to the beginning of the semester, it is inconceivable that, after the semester already began and closer to the date of examinations,[52] a law school could change its designated examination software, create another test, secure a pathogen-free environment, or devise a way for a student to take an examination in a vehicle in a parking lot.[53] Perhaps—in a scenario beyond the four corners of the Amended Complaint—it would have been feasible for Penn State to allow for such accommodations, but the allegations here do not plausibly allege that Tshudy could have been accommodated in the manner she demanded.

---

[51] *Whelan*, 226 F. App'x at 147 (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319 (3d Cir. 1999)).

[52] The Amended Complaint is bereft of many concrete dates, or even a cogent timeline. Because Tshudy signed the Fall 2021 Accommodation Letter on August 17, 2021, indicating that she understood she would be expected to take examinations on campus, the Court presumes that her request to take examinations off campus must have taken place after the date of the Accommodation Letter, after the semester began, and closer to the date the examinations were scheduled to take place.

[53] Courts have found that employers have sufficiently demonstrated "undue burden" in assessing accommodations more feasible than those requested by Tshudy. *See, e.g., Mines v. City of N.Y./DHS*, No. 1:11-cv-07886, 2013 U.S. Dist. LEXIS 157782, at *24 (S.D.N.Y. Nov. 1, 2013) (finding that City employer had established undue burden by providing evidence that could not readily or easily find other employees to cover plaintiff employee's shift); *Gaul v. AT&T*, 955 F. Supp. 346, 352-53 (D.N.J. 1997) (finding that a plaintiff employee's request for a transfer away from a particular supervisor was not reasonable and imposed an undue burden on employer).

The Court has now analyzed both of Tshudy's conflicting arguments. For the reasons stated above, both arguments lack sufficient factual support, and Tshudy's ADA claim is dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court grants Penn State's Motion to Dismiss. Because this was Tshudy's second attempt to plead an ADA claim, and because the facts alleged in the Amended Complaint remain substantially deficient, the Court is not confident that further leave to amend will clarify or bolster Tshudy's claims in any material manner. Therefore, Tshudy's ADA claim is dismissed with prejudice.[54]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[54] *See, e.g.*, *Vanderhoff v. City of Nanticoke*, No. 3:18-cv-01071, 2018 U.S. Dist. LEXIS 162705, at *29-30 (M.D. Pa. Sept. 24, 2018) (dismissing claim with prejudice because "despite being afforded the opportunity to amend, [the plaintiff] did not cure the identified deficiencies" and "is no closer to stating a plausible claim for relief"); *Sundberg v. DiRocco*, No. 4:17-cv-00063, 2017 U.S. Dist. LEXIS 124957, at *43 (M.D. Pa. Aug. 8, 2017) ("Because the Plaintiff has already had the opportunity to replead and further amendment would be futile in my judgment, Defendants' motion to dismiss is granted with prejudice.").